## STATE v. WHITMAN.

No. 5940.   Decided December 30, 1937.   (74 P. [2d] 696.)

*A. A. Duncan* and *La Mar Duncan*, both of Salt Lake City, for appellant.

*Joseph Chez*, Atty. Gen., and *Zelph S. Calder*, Deputy Atty. Gen., for the State.

LARSON, Justice.

In the district court of Salt Lake county, defendant was convicted of indecent assault and appeals. After a jury was impaneled and sworn and the State had called its principal witness, the court became somewhat incensed at counsel for defendant. When counsel took exception to the remarks and action of the court and asked that the record show the same, the court said counsel's conduct was reprehensible, if not contemptuous, declared a mistrial, and discharged the jury, to all of which defendant excepted. The court set the cause for trial again the following morning. Defendant then filed a plea of once in jeopardy, based upon the events of the previous day. A jury was impaneled, evidence taken, and the court directed the jury to find against defendant on his plea

of "once in jeopardy." That action of the court is the only question on this appeal.

Defendant's plea of "once in jeopardy" was good as a matter of both law and fact, and the court should have directed a judgment in favor of defendant and against ∎ the State on that plea and discharged the defendant.

"A person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction upon an indictment [or information] which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance; and a jury is said to be thus charged when they have been empaneled and sworn." Cooley's Const. Lim. p. 467; *State* v. *Thompson*, 58 Utah 291, 199 P. 161, 38 A. L. R. 697; *State* v. *McIntyre*, 92 Utah 177, 66 P. 2d 879.

There are cases where a jury may be discharged before returning a verdict and defendant again be put upon trial, but this case is not one of them. Here there was no apparent reason for declaring a mistrial and discharging the jury, except that the court was displeased with the ∎ conduct of counsel for defendant and evidently in doubt as to the correctness of some ruling it had made and the propriety of some comments which had passed between counsel and the court. The court cannot arbitrarily discharge a jury, nor should it ever be discharged until it appears from the statements of the jurors, and the facts and circumstances of the case, that every reasonable hope of agreement on a verdict has vanished; unless there is a breakdown in the judicial machinery which renders further orderly and systematic procedure impracticable, such as the illness of the court, or a juror, or the defendant, or in some cases counsel; or reasons which the law will recognize as an absolute necessity, or upon grounds provided by statute. Otherwise, the discharge operates as an acquittal *State* v. *Allen,* 59 Kan. 758, 54 P. 1060. And in *State* v. *Reed,* 53 Kan. 767, 37 P. 174, 42 Am. St. Rep. 322, it was said that the discharge of a jury without sufficient reason will bar a further trial, and that the court cannot arbitrarily determine whether reasons for

discharge exist; but the question of the necessity for discharge was to be heard and determined by judicial methods, and such methods certainly contemplate that a record of the findings and determinations of the court should be made. It results from the cases that before the court may discharge a jury to which has been submitted the question of determining the guilt or innocence of the accused there should exist, first, a legal necessity for such discharge; second, the court must make inquiry and find and determine that such necessity existed at the time of the discharge; and, third, the essential facts as to such necessity, and the findings of the court thereon, must be made a matter of record, or the defendant may successfully plead former jeopardy when placed on trial again on the same charge. *State* v. *Reinhart*, 26 Or. 466, 38 P. 822; *People* v. *Smalling*, 94 Cal. 112, 29 P. 421; *Conklin* v. *State*, 25 Neb. 784, 41 N. W. 788; *State* v. *Leunig*, 42 Ind. 541; *Ex Parte Maxwell*, 11 Nev. 428, 436; *Hines* v. *State*, 24 Ohio St. 134; *Dobbins* v. *State*, 14 Ohio St. 493. The Supreme Court of Oregon, discussing this question, in *State* v. *Turpin*, 54 Or. 367, 103 P. 438, 439, says:

"It has been repeatedly held that, whether the discharge of the jury arose from the arbitrary act of the court, or from some mere whim or caprice of judge or jury, or from some accident or blunder, it was immaterial; in either case the result would be the same—the discharge of the defendant."

It is not altogether, and at all times, within the discretion of the court to stop the prosecution and still hold the accused to answer to the same offense on a future charge. It may discharge the jury under peculiar circumstances in cases of necessity, for circumstances of such nature that neither the court nor the attorney nor the parties have any control over them. But to warrant this course there should be some emergency over which neither court nor attorney has control. *State* v. *Callendine*, 8 Iowa 288. We do not mean at present to define or designate any of the cases in which this practice may be pursued, but we all agree that

a defendant ought in no case to be put on a second trial for the same offense where the jury has been discharged over defendant's objection, because the court did not like the conduct of counsel or because the court may feel it has erred in prior rulings.

We hold that the jury was unnecessarily discharged, over the protest and objection of the defendant, and that the discharge of the jury operated as an acquittal of ▮ the defendant and that he could not be again placed upon trial for the same offense. The plea of former jeopardy is well taken and should have been sustained.

The cause is reversed and remanded to the district court of Salt Lake county, with directions to discharge the defendant.

FOLLAND, C. J., and HANSON, MOFFAT, and WOLFE, JJ., concur.