**UNITED STATES v. WHITLOW.**

Cr. No. 1692–52.

United States District Court
District of Columbia.

March 6, 1953.

John J. Dwyer, of Washington, D. C., for defendant.

Charles M. Irelan, U. S. Atty., and Victor W. Caputy, Asst. U. S. Atty., both of Washington, D. C., for the United States.

HOLTZOFF, District Judge.

The question presented is whether the Court in the course of a trial of a criminal case, may of its own motion order a mistrial because of misconduct of defense counsel, and whether, if it does so, a plea of former jeopardy bars another trial.

The defendant was on trial before one of the other judges of this Court and a jury on a charge of obtaining money by false pretenses. During the progress of the trial, the Court stopped the proceedings and ordered a mistrial of its own motion because of improper conduct of counsel for the defendant, in that counsel carried the examination of one of the witnesses beyond the limit which the Court had set. It should be observed that the Government did not move for a mistrial and that counsel for the defendant argued that his conduct had been proper. The defendant now moves to dismiss the indictment on the ground of former jeopardy.

■ The Fifth Amendment to the Constitution of the United States provides: " * * * nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb". This provision of the Constitution is a valuable guarantee of personal rights, and constitutes the basis for a plea of former jeopardy. The Constitutional safeguard applies in four principal situations: in case a person has been tried and convicted of a crime and it is sought to prosecute him again for the same or an included offense; in case a person has been convicted and sentenced and an attempt is made to increase the sentence;[1] in case a person has been acquitted after a trial on the merits and an endeavor is made to prosecute him again for the same or an included offense; and in case a person has been put in jeopardy by being placed on trial, but after the trial has actually commenced, a mistrial was ordered by the court and an endeavor is made to try the defendant again.

The instant case involves the last situation. The question is under what circumstances may the Court terminate a trial without such action operating as an acquittal and as a bar to a subsequent trial for the same offense.

■ Ordinarily a defendant in a criminal case has the privilege, granted to him by the above-mentioned clause of the Constitution, of securing a verdict from the jury originally impaneled and sworn to try him. This guaranty is no mere technicality, but constitutes a substantial right. It not only safeguards the defendant against being put to the agony, expense, and trouble of a second trial, but it also entitles him to secure a verdict from the particular jury that has started to hear the case. This privilege may prove at times very valuable, because the defendant may feel that the jury which is trying the case may be more favorably disposed to him than some future jury might be.

Coke formulated this doctrine in the following language, Coke's Institutes, Part III, C. 47, p. 110, 6th Ed., London, 1680:

"To speak it here once for all, if any person be indicted of treason, or of felony, or larceny, and plead not guilty, and thereupon a jury is returned, and sworn, their verdict must be heard, and they cannot be discharged, * * *."

1. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872.

Sir Matthew Hale, however, 2 Pleas of the Crown 294, while recognizing the existence of this principle, disagrees with it and states that a contrary course had for a long time obtained at Newgate.

On the other hand, Blackstone adopts this doctrine, but adds an exception to it, i. e., "unless in cases of evident necessity". He says, 4 Bla.Com. 360,

"When the evidence on both sides is closed, and indeed when any evidence hath been given, the jury cannot be discharged (unless in cases of evident necessity) * * * till they have given in their verdict."

At first, there was even considerable doubt as to whether in case a jury disagreed and was unable to reach a verdict, it could be discharged and the defendant tried a second time. The rule that a plea of former jeopardy did not lie in such a situation and that the defendant could be tried again if the jury was unable to reach a verdict, was, however, established at an early date. United States v. Perez, 9 Wheat. 579, 6 L.Ed. 165. Justice Story made the following statement in that case:

"* * * the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, *the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes;* * * *. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the judges, under their oaths of office. We are aware, that there is some diversity of opinion and practice on this subject, in the Ameri-

can courts; but, after weighing the question with due deliberation, we are of opinion, that such a discharge constitutes no bar to further proceedings, and gives no right of exemption to the prisoner from being again put upon trial." (Emphasis supplied.)

The foregoing expression, however, must be read in the light of the issue presented in that case, namely, whether the Court has power to discharge a jury that has been unable to agree, and place the defendant on trial before another jury.

In United States v. Coolidge, 25 Fed.Cas. page 622, No. 14,858, Justice Story, sitting in the Circuit Court for the District of Massachusetts, held that the discretion to withdraw a juror exists in all cases, but is "to be exercised only in very extraordinary and striking circumstances." He suggests situations in which the defendant is taken sick during the trial, or a juror is taken ill, or a witness refuses to be sworn and testify. The last of these predicaments confronted the court in the Coolidge case. It was held that in such an instance it was permissible to order a mistrial and try the defendant at a later date before another jury.

In United States v. Watson, 28 Fed.Cas. page 499, No. 16,651, Judge Blatchford, in the Southern District of New York, ordered a mistrial because of the illness of the district attorney in the course of the trial and the absence of witnesses for the prosecution. Later, he granted a motion to discharge the defendants and held that his prior action had amounted to a verdict of acquittal. He discussed this question as follows, 28 Fed.Cas. at page 501, No. 16,651:

"When the trial of an indictment has been commenced by the swearing of the jury, the defendant is in their charge, and is entitled to a verdict of acquittal if the case on the part of the prosecution is, for any reason, not made out against him, unless he consents to the discharging of the jury without giving a verdict, or unless there is such a legal necessity for discharging them as would, if spread on the record, enable a court of error to say

that the discharge was proper. Whart. Cr.Law (Ed.1852) p. 213. It is impossible, within this definition, to lay down any inflexible rule as to what causes would, and what causes would not, be sufficient to warrant the exercise of the discretion which the court possesses. It is sufficient to say, that in no case to be found in the books has any such reason as is spread upon the record in this case been admitted, in the absence of the consent of the defendant, to be a proper ground for discharging a jury after they have been sworn and empanelled to try an indictment. To hold now that the record of the proceedings of the court on the former trial amounts to a verdict of acquittal, is to do just what the court would have done at that time on the facts stated in the record. If I had any doubt as to the propriety of this course, I should resolve it in favor of the liberty of the citizen, rather than exercise what would be an unlimited, uncertain, and arbitrary judicial discretion. But the weight of all the authorities on the subject is, that the position of this case, as it stood when the juror was withdrawn, entitled the defendants, in the absence of their express consent to any other course, to a verdict of acquittal, and therefore entitles them to the action of the court, at this time, on their application to the same effect."

In Simmons v. United States, 142 U.S. 148, 12 S.Ct. 171, 35 L.Ed. 968, the Court granted a mistrial upon discovery that one of the jurors had given false answers on the *voir dire* examination. This action was held proper, and a plea of double jeopardy did not prevent a second trial.

In Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974, the defendant was a member of the military establishment and was on trial by court martial in a theater of war, while military operations were in progress. Exigencies of war made it necessary for the army to move to a point at a considerable distance from the Government witnesses. Accordingly, the court martial was dissolved and the case was tried by another court martial convened in a different army. The Supreme Court held that the second trial was permissible under the circumstances. Mr. Justice Black discussed this question as follows, 336 U.S. at page 688, 69 S.Ct. at page 837, 93 L.Ed. 974:

"Past cases have decided that a defendant, put to trial before a jury, may be subjected to the kind of 'jeopardy' that bars a second trial for the same offense even though his trial is discontinued without a verdict. See Kepner v. United States, 195 U.S. 100, 128, 24 S. Ct. 797, 804, 49 L.Ed. 114; cf. Palko v. State of Connecticut, 302 U.S. 319, 322–323, 58 S.Ct. 149, 150, 82 L.Ed. 288. * * * The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. There may be unforeseeable circumstances that arise during a trial making its completion impossible, such as the failure of a jury to agree on a verdict. In such event the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again. And there have been instances where a trial judge has discovered facts during a trial which indicated that one or more members of a jury might be biased against the Government or the defendant. It is settled that the duty of the judge in this event is to discharge the jury and direct a retrial. What has been said is enough to show that a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments."

On several occasions this problem was presented in this jurisdiction. In United States v. Farring, 25 Fed.Cas. page 1052, No. 15,075, 4 Cranch C.C. 465, the United States Attorney entered a *nolle prosequi* in the course of the trial. The Court held that the discharge of the jury without the defendant's consent was equivalent to an acquittal and barred a second trial for the same offense.

In Clawans v. Rives, 70 App.D.C. 107, 104 F.2d 240, 122 A.L.R. 1436, the Corporation Counsel in the course of a trial in the Municipal Court entered a *nolle prosequi* over the defendant's objection. A second information was then filed. The Court of Appeals held that the defendant could not be subjected to a second trial for the same offense.

The latest expression of the Court of Appeals for this circuit on this subject is found in Scott v. United States, 202 F.2d 354. In that case the trial judge *sua sponte* declared a mistrial because counsel for some of the defendants had stated that his clients would be put to a disadvantage as a result of an incident that had occurred during the trial. The Court of Appeals held that a plea of former jeopardy would not lie and did not bar a second trial. It should be noted, however, that in this case the mistrial was ordered for the protection of the defendant's rights, and because defense counsel had stated that his clients had been placed at a disadvantage.

A situation precisely parallel to that in the case at bar was presented in State v. Whitman, 93 Utah 557, 74 P.2d 696. The Court stated, 93 Utah at page 558, 74 P.2d at page 697:

"After a jury was impaneled and sworn and the State had called its principal witness, the court became somewhat incensed at counsel for defendant. When counsel took exception to the remarks and action of the court and asked that the record show the same, the court said counsel's conduct was reprehensible, if not contemptuous, declared a mistrial, and discharged the jury, to all of which defendant excepted.

The court set the cause for trial again the following morning. Defendant then filed a plea of once in jeopardy, based upon the events of the previous day. A jury was impaneled, evidence taken, and the court directed the jury to find against defendant on his plea of 'once in jeopardy.' "

The Court held that the trial judge should have directed a judgment in favor of the defendant. In discussing this question, the Court made the following remarks, 93 Utah at pages 559, 560, 74 P.2d at page 697:

"The court cannot arbitrarily discharge a jury, nor should it ever be discharged until it appears from the statements of the jurors, and the facts and circumstances of the case, that every reasonable hope of agreement on a verdict has vanished; unless there is a breakdown in the judicial machinery which renders further orderly and systematic procedure impracticable, such as the illness of the court, or a juror, or the defendant, or in some cases counsel; or reasons which the law will recognize as an absolute necessity, or upon grounds provided by statute. Otherwise, the discharge operates as an acquittal.

\* \* \* \* \* \*

"It is not altogether, and at all times, within the discretion of the court to stop the prosecution and still hold the accused to answer to the same offense on a future charge. It may discharge the jury under peculiar circumstances in cases of necessity, for circumstances of such nature that neither the court nor the attorney nor the parties have any control over them. But to warrant this course there should be some emergency over which neither court nor attorney has control. State v. Callendine, 8 Iowa 288. We do not mean at present to define or designate any of the cases in which this practice may be pursued, but we all agree that a defendant ought in no case to be put on a second trial for the same offense where the jury has been discharged over defend-

ant's objection, because the court did not like the conduct of counsel or because the court may feel it has erred in prior rulings."

The following conclusions may be deduced from the foregoing authorities. A mistrial, other than on the motion of the defendant, may be ordered if the jury disagrees. It may also be declared in the discretion of the court if the continuation of the trial is impossible or impracticable due to such a cause as the illness of the defendant, the illness of the judge, or the illness of a juror. A mistrial may be directed if it is discovered that a juror is disqualified to sit in the case. On the other hand, the illness of Government counsel has been held not to constitute sufficient ground.

Research does not disclose any case in which the granting of a mistrial for misconduct of defense counsel has been upheld, although conceivably such action would be proper in case of misconduct going to the very vitals of the trial itself, for example, if the defendant or his counsel attempted to tamper with the jury. Minor misconduct of defense counsel, such as over-stepping the limit set by the court for the examination of a witness, does not under the authorities warrant a mistrial thereby depriving the defendant of his right to secure a verdict from the jury that had been sworn to try him.

In the light of these considerations, I am constrained to reach the conclusion that a second trial in this case is barred by reason of former jeopardy and on that ground the motion to dismiss the indictment is granted.