350 P.2d 152

STATE of Utah, Plaintiff and Appellant,

v.

LeRoy IVERSON, Defendant and Respondent.

No. 9103.

Supreme Court of Utah.

March 7, 1960.

Walter L. Budge, Atty. Gen., Jay E. Banks, Dist. Atty., Peter F. Leary, Asst. Dist. Atty., John L. Black, Asst. Dist. Atty., for appellant.

Horace C. Beck, Salt Lake City, for respondent.

CALLISTER, Justice.

Defendant was charged under the automobile homicide law, Section 76–30–7.4, U.C.A.1953, with causing the death of Hermania Padilla by driving an automobile while under the influence of intoxicating liquor and carelessly and recklessly causing her death on August 23, 1958, in Salt Lake County. The trial was to a jury and at the close of the state's case the defendant made a motion to dismiss upon the ground that the state had failed to prove its case. The trial judge took this motion under advisement, and the trial proceeded.

After all the evidence had been presented by both sides defendant renewed the motion to dismiss upon the same ground. The trial judge reserved his ruling upon the motion and submitted the case to the jury.

The jury, after deliberation, returned a verdict of guilty. However, upon polling the jury, one of the jurors changed his mind and refused to concur with the guilty verdict. The trial judge declared the jury to be a "hung jury" and discharged them.

Subsequently, the trial judge granted the defendant's motion to dismiss. From that ruling the state has appealed, setting forth in its brief evidence from which it contends that the jury could reasonably have found the defendant guilty beyond a reasonable doubt. It is our view that this contention is correct and that the trial court was right in its first determination to let the case go to the jury. However, in view of the disposition of this case, as indicated below, we see no useful purpose in detailing the evidence herein.

■■■■ The law involved is ably discussed in the opinion of Justice Wolfe in State v. Thatcher, 108 Utah 63, 157 P.2d 258. The controlling principle is that upon such a motion the evidence is to be viewed most favorably to the state, and if when so viewed, the jury acting fairly and reasonably could find the defendant guilty beyond a reasonable doubt, the judge is required to submit the case to the jury for determination of the guilt or innocence of defendant.

The judgment is reversed but the defendant having been in jeopardy there can be no further proceedings herein. State v. Thatcher, supra; as to when jeopardy attaches, see State v. Whitman, 93 Utah 557, 74 P.2d 696.

CROCKETT, C. J., and WADE and McDONOUGH, JJ., concur.

HENRIOD, Justice (dissenting).

I dissent, primarily because it appears that the appeal sought here does not fall in any slot found in the highly restrictive statute permitting the state to appeal in certain instances.[1]

Secondly, all the state asks in its brief is that "this court reaffirm the principles set forth in the case of State v. Thatcher and restate said principles." Affirming them appears innocuous but restating them when readily they can be examined[2] would be an unwarranted repetition. The main opinion properly refrained from restating them, rendering this appeal moot, in my opinion.

Thirdly, if the court erred in any respect it was for failing to follow the interdiction of Title 77–33–10, U.C.A.1953,[3] by not sending the jury back for further deliberation after one of the veniremen recanted when the jury was polled. The fact, however, that one of the jurymen

---

1. Title 77–39–4, Utah Code Annotated 1953: "An appeal may be taken by the state: (1) From a judgment of dismissal in favor of the defendant upon a motion to quash the information or indictment. (2) From an order arresting judgment. (3) From an order made after judgment affecting the substantial rights of the state. (4) From an order of the court directing the jury to find for the defendant."

2. 1945, 108 Utah 63, 157 P.2d 258.

3. "Polling the jury.—When a verdict is rendered, before it is recorded, the jury

174

changed his mind before the verdict had been recorded, lends substance and merit to the dismissal, the motion therefor designedly having been reserved by the court. Such fact certainly adds no weight to appellant's contention that the court erred, it appearing obvious that it reflected an indisposition on the part of the jury to conclude unanimously that the accused was guilty beyond a reasonable doubt. Under the circumstances we cannot say that the trial court exercised its discretion in an arbitrary or capricious manner.

I believe the appeal should be dismissed.

may be polled at the request of either party, in which case they must be severally asked whether it is their verdict, and if any one answers in the negative, the jury must be sent out for further deliberation."