417 P.2d 655

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Laurence R. SEYMOUR, Defendant and Appellant.**

**No. 10596.**

Supreme Court of Utah.

Aug. 11, 1966.

Wilford A. Beesley (appointed by the Court) Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen. of Utah, Ronald N. Boyce, Asst. Atty. Gen. of Utah, for respondent.

CROCKETT, Justice:

Defendant Laurence R. Seymour was convicted by a jury of a felony, attempting to obtain money (more than $50) by false pretenses. He seeks reversal of his conviction on the ground that at the time he waived a preliminary hearing he did not have counsel.

On August 11, 1964 the defendant appeared before Judge Horace C. Beck of the Salt Lake City Court without an attorney. At his request his arraignment was put over one week, to August 18, to give him time to get one. On that date he again appeared without counsel and preliminary hearing was set over to October 8 for the same purpose. This procedure was repeated twice more. The defendant then wrote a letter to the Court stating that he was without funds, could not obtain his own counsel, and was left "* * * with no other choice but to * * * waive the hearing * * * and plead guilty."

The final minute entry of the City Court, December 3, 1964, was:

"Defendant present without counsel. Upon advice of his counsel, Ken Hisatake, defendant waived his preliminary hearing, the State consenting thereto. Court ordered deft bound over to District Court to stand trial. Court ordered bail $2000."

As opposed to the above recital, the record includes an affidavit of Mr. Hisatake stating that he did not advise the defendant to waive the preliminary hearing.

On December 14, 1964 the defendant appeared for arraignment in the District Court with Mr. Hisatake as his counsel

and entered a plea of not guilty. When the case came on for trial the defendant was represented by Mr. Carl J. Nemelka, who had been appointed by the court. After the jury found the defendant guilty, Mr. Nemelka made a motion for a new trial urging, inter alia, the principal point raised on appeal:

"That the court erred in denying defendant's motion to dismiss the action on the ground that the defendant was not represented by counsel at the preliminary hearing."

 As shown by the minute entry and the affidavit referred to above, there is uncertainty in this record as to whether defendant had counsel at the time he waived preliminary hearing. The parties have stipulated that that issue was raised before the District Court at the time of the trial, and defendant's contention was rejected. Inasmuch as there is no transcript as to what happened when that issue was presented to the District Court, we normally should presume that what was said and done justifies the Court's ruling.[1] But in this instance we set that aside and consider the more fundamental proposition presented by defendant's appeal: Assuming that the defendant was without counsel when he waived preliminary hearing, is that a defect of such gravity as to invalidate his conviction?

 We do not in any degree disparage the importance of the right of one accused of crime to have counsel.[2] Neither do we question that it should be given him at the earliest opportunity consistent with reasonable and efficient investigation of crime and enforcement of the law; nor that it should remain available at all critical stages of the proceedings against him.[3] But it would go far beyond the recognition and protection of this right to accept defendant's contention that if any defect whatsoever in that respect occurs, the case must be dismissed and the defendant discharged.

 Human nature is so complex and the diversifications of behavior so various that rules of law and their application often become so involved that we lose sight of cardinal principles. Arising out of history and experience in contending with arbitrary abuses of power, there has been built into our law numerous safeguards of the rights of persons accused of crime; and great care has been taken to preserve

1. See Bennett Leasing Co. v. Ellison, 15 Utah 2d 72, 387 P.2d 246.

2. See Art. I, Sec. 12, Utah Constitution; Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963).

3. See State v. Braasch, et al., 119 Utah 450, 229 P.2d 289 (1951).

them.[4] Due to the nature of criminal proceedings: the state against the individual, a great deal of emphasis has been placed on the protection of the rights of the accused, and sometimes at the expense of the rest of society. It is our responsibility to see the whole picture in the broadest perspective possible: to be concerned not only with the recognition and protection of the rights of the accused, but also with the protection of the interests of the public.[5] These should be kept in balance by a fair and even-handed safeguarding of the interests of both, with neither over-reaching nor over indulgence on either side, in order to support and encourage the proper and effective investigation of crime and enforcement of the law.

■ A fundamental consideration which correlates with that purpose is the realization that the processes of law have only one legitimate objective: to seek out truth and to do justice. It does not serve this objective, nor does it comport with our sense of justice, to regard the proceeding as a game of tricks in which the defendant goes free merely because there is some error or deficiency which reason dictates would have no material bearing upon the fairness of the proceeding or its outcome. There should be no dismissal of a charge, nor reversal of a judgment, unless there was a significant failure or abuse of due process of law, or unless there was an error or defect which it could reasonably be supposed put the defendant at some substantial disadvantage, or had some substantial prejudicial effect upon his rights.[6]

■ Even though there is uncertainty about the defendant having counsel at the time he waived preliminary hearing, the essential facts are apparent. There had been some previous discussion with the court in regard to the defendant having an attorney. Whether he was advised to waive the preliminary hearing or not, it is indisputable that he had conferred with his attorney, Mr. Hisatake, about something; and that he appeared in court and voluntarily stated his desire to waive a preliminary hearing. After he was bound over, the District Court appointed compe-

4. See statement in Gallegos v. Turner, 17 Utah 2d 273, 409 P.2d 386.

5. See statement in concurring opinion in Ward v. Turner, 12 Utah 2d 310, 316, 366 P.2d 72 and authorities therein cited.

6. § 77–42–1, U.C.A.1953 requires that errors which do not affect the essential rights of the parties be disregarded. See State v. Sinclair, 15 Utah 2d 162, 389 P.2d 465. While the following test may be too rigid in some criminal cases, it is sometimes said that the error must be such that it is reasonably probable that there would have been a result more favorable to the appellant in the absence of the error. See People v. Davis, 47 Cal.Rptr. 801, 408 P.2d 129; State v. Singleton, 66 Ariz. 49, 182 P.2d 920; Fields v. State, 85 Okl.Cr. 439, 188 P.2d 231.

tent counsel who proceeded to represent him and who conducted the trial in his behalf. If the defendant or his counsel had in good faith believed that a preliminary hearing would help him in any way, there was ample opportunity to request one. We suspect that it was deliberate that no such request was made. Rather he attempted to take advantage of the claimed defect in procedure by moving to have the charge against him dismissed entirely. This is something he was not entitled to.[7] Such a defect as he complains of would not in any event have the effect of totally exonerating him of the offense charged, but would only be subject to correction if he so requested and the interests of justice so required.[8]

The defendant was afforded a trial by jury, represented by competent counsel, and was given a full and fair opportunity to present his case. When that is accomplished all presumptions favor the validity of the judgment. We find no error or irregularity which would justify overturning it. Accordingly, it is affirmed.

HENRIOD, C. J., McDONOUGH and CALLISTER, JJ., and LEWIS JONES, District Judge, concur.

7. See State v. Lawrence, 120 Utah 323, 234 P.2d 600.

8. See statement in author's concurring opinion in Ward v. Turner, supra, footnote 5, and authorities therein cited, including Ex parte McCoy, 32 Cal.2d 73, 194 P.2d 531, 533.