429 P.2d 978

Bruce **HARTMAN** and Raymond J. Christopher, Plaintiffs and Respondents,

v.

Warren **WEGGELAND**, Deputy Salt Lake County Attorney, and Melvin Morris, Salt Lake City Judge, Defendants and Appellants.

No. 10658.

Supreme Court of Utah.

July 3, 1967.

Gordon B. Christenson, County Atty., Phil L. Hansen, Atty. Gen., Salt Lake City, for appellants.

Jimi Mitsunaga, Salt Lake City, for respondents.

ELLETT, Justice.

Section 78–3–4, U.C.A.1953, and Article VIII, Section 7, of the Constitution of Utah provide in substance, inter alia, that District Courts shall have supervisory control over inferior courts and tribunals within their respective jurisdictions.

1. 18 Utah 2d 434, 425 P.2d 155 (1967).

**230**

Pursuant to that authority, the judge of the District Court ordered the judge of the City Court and the deputy county attorney to make available to certain defendants being criminally prosecuted before the City Court all depositions taken preliminary to the charge being preferred against said defendants.

Appellants ask us to review the order of the District Court. They are here representing the State of Utah and not in their individual capacities.

Section 77–39–4, U.C.A.1953, provides that the state may appeal:

(1) From a judgment of dismissal in favor of the defendant upon a motion to quash the information or indictment.

(2) From an order arresting judgment.

(3) From an order made after judgment affecting the substantial rights of the state.

(4) From an order of the court directing the jury to find for the defendant.

We are unable to see how appellants come under any of the enumerated grounds set forth. It might be argued that because the State is not named as a party, this matter is civil in nature, and hence the quoted section does not apply. However, the veneer only is civil. The substance is criminal. The respondents herein sought by a writ of man-date to have the District Court direct the City Judge to make a certain ruling in a criminal case then pending in the City Court.

The State through the county attorney seeks to have us reverse the ruling made by the District Judge and has brought the defendants in the criminal case before this court. The constitution does not provide for this court to supervise either the City Court or the District Court.

This case is not controlled by the same principles that apply in the case of State v. Ruggeri decided at this term of court. 19 Utah 2d 216, 429 P.2d 969. There the fuss was between the district attorney and the judge. The defendant in the criminal case was not made a party in the proceeding which was filed originally in this court. Here the defendants are brought before us in an attempted appeal from a ruling made by the District Court.

The hairy hands of Esau do not fool us so that we fail to detect the voice and person of Jacob. (Genesis 27:22)

The appeal is dismissed.

TUCKETT, J., concurs.

CROCKETT, Chief Justice (concurring in the result):

I concur in the result, but make these observations: Howsoever the nature of this proceeding be characterized, it is the propriety and the justice of the result that is important. I am in accord with the result reached in the order of the District Court that the depositions be made available to the defendants (plaintiffs herein). But I assume and believe that the order should cover only depositions relevant to the subject matter of the proceeding.

CALLISTER, Justice (dissenting):

The majority opinion states that, "It might be argued that because the State is not named as a party, this matter is civil in nature, and hence the quoted section does not apply. However, the veneer only is civil. * * *" The fact that the State is not a named defendant is wholly irrelevant as to the nature of the action. The cold, hard fact is that it is civil and 77–39–4 has absolutely no application.

This is an appeal from an order of the District Court directing the City Court to make available to the plaintiffs in this action (defendants in a criminal proceeding) some depositions.[1] This appeal is proper and should not be dismissed, but decided on its merits.

HENRIOD, J., concurs in the dissenting opinion of CALLISTER, J.

1. The record does not disclose the who, when, where or why of these depositions.