## IN RE HERNDON.

No. ——. Argued January 21, 1969.—Decided March 25, 1969.

*Charles Morgan, Jr.,* argued the cause for movants. With him on the brief were *Reber F. Boult, Jr., Orzell Billingsley, Jr., Robert P. Schwenn, Melvin L. Wulf,* and *Eleanor Holmes Norton.*

*Perry Hubbard* argued the cause for Herndon. With him on the brief was *George A. LeMaistre.*

*Louis F. Claiborne* argued the cause for the United States as *amicus curiae.* With him on the brief were *Solicitor General Griswold, Assistant Attorney General Pollak, Nathan Lewin,* and *Frank M. Dunbaugh.*

PER CURIAM.

The appeal in *Hadnott* v. *Amos, ante,* p. 358, decided today, was argued with the motion filed by appellants on November 19, 1968, "for an order to show cause why Judge Herndon should not be held in contempt and for other relief." 393 U. S. 996.

On September 18, 1968, the three-judge court entered a temporary restraining order enjoining appropriate Alabama officials from using any ballots at the general election of November 5, 1968 which did not include the

names of the candidates of the National Democratic Party of Alabama (NDPA). This order was dissolved on October 11, 1968, one judge dissenting. 295 F. Supp. 1003. The appellants sought interim relief from this Court pending appeal, and on October 14, 1968, we entered an order that: "The application for restoration of temporary relief is granted pending oral argument on the application . . . ." 393 U. S. 815 (1968). Oral argument was heard on October 18, and on October 19 we entered an order that: "The order entered on October 14, 1968, restoring temporary relief is continued pending action upon the jurisdictional statement which has been filed." 393 U. S. 904. Nevertheless, Judge Herndon, who was responsible for the preparation of the Greene County ballot for local offices, did not place the NDPA candidates for such offices on the ballot.

We conclude that decision on the motion should await timely initiation and completion of appropriate proceedings in the District Court to determine whether Judge Herndon's failure to place NDPA candidates on the ballot constituted contempt of the order of September 18 of the District Court. Decision on the motion is therefore postponed.                          *It is so ordered.*

MR. JUSTICE BLACK took no part in the consideration or decision of this case.

MR. JUSTICE DOUGLAS, whom MR. JUSTICE HARLAN joins, dissenting.

This is a motion requesting that we initiate a proceeding against Herndon, Probate Judge in Greene County, Alabama, for disobedience of our order as described in No. 647, *Hadnott* v. *Amos, ante,* p. *358,* decided this day. Our order, if obeyed, would have resulted in the black candidates, sponsored by the National Democratic Party of Alabama (NDPA), having been on the

ballot for county offices in Greene County in the general election of November 1968. They were, it is alleged, left off the ballot due to the actions of Judge Herndon, as related in *Hadnott* v. *Amos.*

This motion, filed by appellants in No. 647, states they are informed and believe that Judge Herndon's failure to place these nominees on the ballot was done "wilfully and with actual knowledge of the order of this court." Judge Herndon filed his response to that motion, in which he denied that the omission of the NDPA candidates for county office was "willfully or contumaciously done with actual knowledge of the said orders of this court."

This motion was briefed and argued when No. 647 was presented on the merits.

I have studied the record and read the briefs; and as presently advised I think there is probable cause to conclude that Judge Herndon knowingly and purposefully evaded our order. What the ultimate conclusion will be depends, of course, on a full hearing at which Judge Herndon receives that notice and that opportunity to be heard which is required by due process. But if what appears to be probable cause matures into full-fledged findings, we have a flagrant violation of our order, which involves a vital problem of civil rights, involving the command of the Fifteenth Amendment, that extends the ballot to the blacks.

In a case of far less consequence the Court, proceeding by contempt on an information filed by the Attorney General, *United States* v. *Shipp,* 214 U. S. 386, 439, held a sheriff and his deputies in contempt for silent cooperation with a mob in hanging a prisoner whose case was before this Court. That sheriff acted by merely turning his back and letting the mob run wild. In the present case, if the facts alleged are proved, Judge Herndon's

affirmative acts unlawfully kept the NDPA candidates off the ballot.

Rule 42 (a) of the Federal Rules of Criminal Procedure governs contempt in the presence of the court. Rule 42 (b) covers the contempt alleged here, *viz.*, disrespect or violation of this Court's order. Rule 42 (b) provides:

> "A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. He is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment."

I would issue the notice prescribed by Rule 42 (b), designate an attorney to represent the Court, appoint a Master, and get on with the hearings.

Reservation of action on the motion implicates the Double Jeopardy Clause. Successive federal prosecutions of the same person based on the same acts are prohibited by the Fifth Amendment.[1] See *United States* v. *Lanza,*

---

[1] "Our minds rebel against permitting the same sovereignty to punish an accused twice for the same offense." *Francis* v. *Resweber,* 329 U. S. 459, 462 (opinion of Reed, J.).

260 U. S. 377, 382; *Abbate* v. *United States*, 359 U. S. 187, 197 (opinion of BRENNAN, J.). It was held in *Pereira* v. *United States*, 347 U. S. 1, 9, that:

> "[A] defendant may be convicted of [two offenses] even though the charges arise from a single act or series of acts, so long as each requires the proof of a fact not essential to the other."

In the instant case, however, it is likely that the facts underlying both contempt charges will be identical. In fact, it may have been impossible for Judge Herndon to have violated one court order without violating the other.[2]

---

[2] "The Constitutional safeguard [against double jeopardy] applies . . . [where] a person has been tried and convicted of a crime and it is sought to prosecute him again for the same or an included offense; [where] a person has been convicted and sentenced and an attempt is made to increase the sentence; [and where] a person has been acquitted after a trial on the merits and an endeavor is made to prosecute him again for the same or an included offense." *United States* v. *Whitlow*, 110 F. Supp. 871, 872 (D. C. D. C. 1953).