488 P.2d 1048

**STATE of Utah, Plaintiff and Appellant,**

**v.**

**John Michael CALLAHAN, Defendant and Respondent.**

**No. 12488.**

Supreme Court of Utah.

Sept. 24, 1971.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Findley P. Gridley, Ogden, for defendant and respondent.

CALLISTER, Chief Justice.

The State appeals from a criminal prosecution, tried before the court, wherein defendant was found not guilty.

Defendant was tried for a violation of Sec. 76–28–54, U.C.A.1953, an indictable misdemeanor. Specifically, he was charged with wilfully and unlawfully resisting a public officer in discharging or attempting to discharge the duty of his office in making a lawful arrest.

In a memorandum decision, the trial court determined:

> I therefore hold that the section under which the officer was attempting to make an arrest is a nullity and therefore an unlawful arrest, which the defendant may resist; and the defendant is found not guilty for that reason.

On appeal, the State vigorously urges two points: First, the legislature has made a constitutional delegation of authority to the Board of State Parks and Recreation to enact appropriate regulations governing the use of the state park system. Second, the trial court erred in holding that the defendant had a right to resist arrest.

Sec. 77–39–4, U.C.A.1953, provides that an appeal may be taken by the State:

> (1) From a judgment of dismissal in favor of the defendant upon a motion to quash the information or indictment.

> (2) From an order arresting judgment.

> (3) From an order made after judgment affecting the substantial rights of the state.

> (4) From an order of the court directing the jury to find for the defendant.

The State has not predicated its appeal upon any of the foregoing grounds.[1] The appeal is, therefore, dismissed.

TUCKETT and HENRIOD, JJ., concur.

ELLETT, Justice (concurring).

I concur in dismissing the appeal. There was no order made *after judgment* affecting the substantial rights of the State, nor did the defendant make a motion to quash the *information* or *indictment*. In fact, there was no information or indictment to be quashed. The defendant was tried under a *complaint;* and since complaints had been in use long prior to the statute in question, one would think that by omitting *complaint* from subsection (1) of Section 77–39–4, U.C.A.1953 (cited in the main opinion), the legislature did not intend to permit an appeal to be taken by the State even when the court quashes a complaint.

It may be that the trial judge was in error in finding the defendant not guilty because he thought the statute was invalid. However, that does not give the State a right to appeal.

If the State fears similar rulings in the future, I suppose it could cause a declaratory judgment action to be filed by the Board of Parks and Recreation in a proper case and thus have a ruling on the validity of the statute.

CROCKETT, Justice (dissenting).

It is my opinion that this court should decide the issues presented on appeal: (1) as to the authority of the Board of State Parks and Recreation to enact appropriate

1. Hurtman v. Weggeland, 19 Utah 2d 229, 230, 429 P.2d 978 (1967).

regulations governing the use of the State Park System; and (2) the challenged validity of the regulation relating to the use and control of animals within a state park.

The first and most persuasive reason is that the appeal is justified under subsection (3) of Section 77–39–4, quoted in the main opinion. The order appealed from was one: "made after judgment affecting the substantial rights of the State." I think it is a plain and self-demonstrating proposition that the State has a substantial and important interest in sustaining the authority of the Board of State Parks and Recreation to enact reasonable and appropriate regulations governing the use of the State Park System. The difficulties which would exist and the mischief which could result if the Board did not have power to enact and enforce such regulations are so obvious as not to require any elaboration.

The second proposition is that if we disregard formality and verbiage and go to the substance of what was done, the effect of the ruling of the trial court was to quash the proceeding and thus make a basic challenge to the validity of the charge. This effect is the same whether made upon the motion of the defendant or upon the court's own motion. Therefore, a review of the dismissal would come within the purpose of subdivision (1) of Section 77–39–4 as quoted in the main opinion.

Pursuant to what I have said above, on either of the bases stated, I think we should consider and rule upon the merits of the issues presented on appeal; and that a fortiori, because of the combination of both cases, we should do so. This is more particularly so, because the defendant has indicated no opposition to such adjudication, which is quite understandable because there can be no further jeopardy to him in this case. See State v. Thatcher, 108 Utah 63, 157 P.2d 258.