489 P.2d 110

STATE of Utah, Plaintiff and Appellant,

v.

David OVERSON and Ron Jay Shumway, Defendants and Respondents.

No. 12124.

Supreme Court of Utah.

Sept. 28, 1971.

2. State v. Spotted Hawk, 22 Mont. 33, 55 P. 1026, 1035.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Thomas S. Taylor, of Christensen, Taylor & Moody, Provo, for defendants and respondents.

CALLISTER, Chief Justice:

The State appeals from an order of the trial court granting defendants' motion to dismiss. Defendants were brought to trial, before a jury, upon an information charging them with the crime of burglary in the second degree.

During the course of the trial, while the prosecution was questioning its second witness, defense counsel asserted an objection to testimony concerning purported admissions of the defendants. The court granted a recess, and counsel argued the matter out of the presence of the jury. The prosecutor represented to the court that his only evidence to indicate that defendants had been present at the scene of the burglary, that they had taken the tools (the items alleged stolen in the burglary from a shed on the victim's premises), and that they had had possession of the tools was their admissions to that effect.

The trial court ruled that on the present state of the record he was not going to admit statements made to anybody, whether the listener be a policeman or not, of one of the defendants that inculpates the other on the ground that it would deny the accused the right to confront and cross-examine witnesses. The court cited Bruton v. United States,[1] wherein it was held that the accused's right of cross-examination secured by the confrontation clause of the Sixth Amendment was violated at his joint trial with a codefendant who did not testify by the admission of the codefendant's confession inculpating the accused.

Thereupon, defense counsel made a motion to dismiss, which the court granted. The jury was discharged.

The State, on appeal, urges that the trial court erred in its ruling that the admissions were inadmissible. It would serve no useful purpose for this court to resolve this issue, which, in fact, would be no more than an advisory opinion.[2] This appeal does not fall within any of the provisions of the highly restrictive statute, Sec. 77–39–4, U.C.A.1953, specifying the instances in which the State may appeal.[3]

The appeal is dismissed.

TUCKETT, ELLETT, HENRIOD and CROCKETT, JJ., concur.

---

1. 391 U.S. 123, 20 L.Ed.2d 476, 88 S.Ct. 1620 (1968).

2. See State v. Whitman, 93 Utah 557, 559, 74 P.2d 696 (1937), as to when jeopardy attaches.

3. Also see State v. Callahan, 488 P.2d 1048, Supreme Court of Utah, Sept. 24, 1971.