516 P.2d 353

**Rumaldo DURAN, Plaintiff and Respondent,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Appellant.**

**No. 13087.**

Supreme Court of Utah.

Nov. 28, 1973.

Vernon B. Romney, Atty. Gen., William T. Evans and David S. Young, Asst. Attys. Gen., Salt Lake City, for defendant and appellant.

Myrna Mae Nebeker (Deceased), Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal by the State from a judgment granting a petition for writ of habeas corpus after Duran had been convicted of rape,—apparently a violent one.

The thrust of his case is that unconstitutionally he was denied a right to appeal because his court-appointed attorney did not perfect it.

The judgment of the lower court, based solely on the Anders case,[1] after ignoring it in favor of some anonymous, still unidentified Tenth Circuit opinion, is reversed,[2] since the record does not reflect facts that make the case dispositive here. Its controversiality and apparent unpopularity are noted for the record.

Duran, two-time loser, knowing, we think, about trials and tribulations and appeals, requested no one to file one for him, nor did he! himself file a timely appeal, but afterthought his predicament months later asking his counsel to help him, then accused him [3]—of all things!: Incompetence.

We, and I am sure most of the Bar, cannot share petitioner's distorted evaluation of the capabilities of a well-known, respected young attorney, who, not asking to do so, represented defendant very competently, as the record quite clearly mirrors. Nor can we conclude that albeit the law may be a jealous mistress, she should not be required to prostitute herself in condonation of rapacity by technicality, imposed on her less fortunate, but perhaps more virtuous Sister-In-Law.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

---

1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. As should be the Anders case, in my humble opinion.

3. Whom he contacted for aid, success and succor a year after post-sentencing, post-all these new things and post-everything.