517 P.2d 544

### The STATE of Utah, Plaintiff and Appellant,

v.

### Kent DAVENPORT, Defendant and Respondent.

#### No. 13156.

Supreme Court of Utah.

Dec. 21, 1973.

---

1. 120 Utah 385, 35 P.2d 132.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff and appellant.

Galen J. Ross, Salt Lake City, for defendant and respondent.

1.  State v. Overson, 26 Utah 2d 313, 489 P.2d 110 (1971); State v. Callahan, 26 Utah 2d 304, 488 P.2d 1048 (1971); Hartman v. Weggeland, 19 Utah 2d 229, 429 P.2d 978 (1967), and though not a point treated in the opinion, was suggested in a concurrence

HENRIOD, Justice:

■ ■ The State has no standing as a litigant-appellant in this case, since the basis for its appeal appears to be stranger to the only four bases upon which the State may appeal, enumerated in Title 77–39–4, Utah Code Annotated, 1953, and referred to in three recent Utah cases, which cases we believe to be dispositive here.[1] The action of the trial court should not be disturbed.[2]

CALLISTER, C. J., and TUCKETT, J., concur.

CROCKETT, Justice (dissenting).

It is my opinion that denying the State the right to appeal in this case places an undue and unnecessarily restrictive interpretation on Section 77–39–4, U.C.A. 1953. This has the unfortunate effect of thwarting the processes of justice in this case; and more importantly, it has far greater potential for doing so in application to other cases.

These points are significant: (1) That the dismissal of this appeal is on this court's own initiative, without a motion by, or the point being raised by either party; (2) that it is purported to be based on a

in State v. Iverson, 10 Utah 2d 171, 350 P.2d 152 (1960).

2.  It is axiomatic that a jurisdictional question may be entertained at the trial or on appeal without resort to citation of authority or specific prayer on appeal.

statute, and not on any constitutional provision; and (3) that the statute itself is *permissive* and not *prohibitory* as to appeals by the State.

First, directing attention to the statute in question. Section 77–39–4, U.C.A.1953, provides that:

An appeal *may* be taken by the State:

(1) From a judgment of dismissal in favor of the defendant upon a motion to quash the information or indictment.

(2) From an order arresting judgment.

(3) From an order made after judgment affecting the substantial rights of the state.

(4) From an order of the court directing the jury to find for the defendant.

It should be carefully noted that there is nothing in the statute's language indicating any intent to create restrictions or prohibitions on appeals by the State. They are authorized by Section 9 of Article VIII of our Utah Constitution, as discussed below. On the contrary, the language of the statute is permissive only; and the expression of certain instances *permitting* an appeal should not be construed as a prohibition against other appeals, as allowed by our Constitution, where such appeals are necessary and appropriate in the interests of justice.

It is fundamental that statutes should be understood and applied in accordance with their purpose. That of this statute was to eliminate difficulties with the barrier of double jeopardy, by allowing a review of and correction of errors in criminal proceedings to protect the interests of the State and the public. It is obvious from the context, particularly of subsections (1) and (4), that it was meant to provide a review and correction of any despotic or arbitrary dismissal of a case by a judge. It is my opinion that that is what occurred in this case. The defendant moved for a dismissal on the ground that he had been denied a speedy trial. But the record does not show that there was any undue delay, nor that any delay in and of itself resulted in prejudice to the defendant. Moreover, the record does not show that he had requested a trial. Yet on the basis of an assertion by his counsel that "if the record shows," when the record in fact *does not so show,* the felony charge was dismissed.

It does not seem to me open to question but that the essential effect of the granting of the motion to dismiss by the trial court amounted to a quashing of the entire proceeding, and this of course includes the quashing of the information. It is submitted that this is what was done, and that it is · the very type of arbitrary action for which the statute above referred to was designed to allow review and correction; and that reason and justice require that it

should be so construed and applied. If it be otherwise, then a judge can upon his own whim or caprice, for any reason, or without any reason at all, dismiss a case however important or serious, and there is no remedy for the State (and the people) whatsoever. It is so elementary that it should not require restating, that wherever there is a wrong there should be a remedy.

Far more important than what has been said above about the permissive statute is the constitutional law of our State. Section 9 of Article VIII expressly provides in broad and affirmative language for the right of appeal in all cases; and it makes no distinction between civil and criminal cases. Its beginning sentence states:

> From *all final judgments* of the district courts, *there shall be a right of appeal* to the Supreme Court.

Because the foregoing is from the Constitution, it is both the fundamental and the supreme law of our State; and statutory provisions cannot properly be deemed to nullify, limit, modify or detract therefrom.[1] The only limitation on the right of the State to appeal should be whatever limitation necessarily exists because of the rule against twice in jeopardy.

As our law has developed great emphasis has been placed on the protection of the rights of the accused.[2] He is assured the right of appeal on any ground whatsoever, however flimsy or unsubstantial, or, it is sometimes said, even when plainly without merit.[3] Surely, it does not comport with fairness and justice to the rest of society, to indulge such generosity to the rights of the accused, and to impose such an extremely restrictive application of the law on the State. It should be the responsibility of the court to seek and keep a reasonable balance by a fair and evenhanded safeguarding of the interests of both. This seeking of justice requires that there should be no arbitrary dismissal of a charge without trial because of any irregularity or error unless it has put the defendant at some disadvantage, or has had some substantial prejudicial effect upon his rights, so that he was deprived of the opportunity of a fair trial under due process of law.[4]

In accordance with the views hereinabove expressed concerning the proper application of the statute in question, I do not agree with the dismissal of the appeal. More particularly, because of the quoted

1. See Allen v. Rampton, 23 Utah 2d 336, 463 P.2d 7 (1969) and authorities therein cited.

2. See Utah Const., Art. I, Sec. 12.

3. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); and see comment thereon in Duran v. Turner, 30 Utah 2d ——, 516 P.2d 353 (1973).

4. Sec. 77–42–1, U.C.A.1953, requires that errors which do not affect the essential rights of the parties be disregarded. See State v. Romeo, 42 Utah 46, 128 P. 530; and State v. Seymour, 18 Utah 2d 153, 417 P.2d 655, and authorities therein cited.

constitutional provision, assuring the right of appeal in all cases, I am quite unable to understand how the matter here involved can be one in which this court is deprived of jurisdiction so that the appeal can properly be dismissed on this court's own motion.

I would treat the case on its merits and reverse the trial court's ruling. (All emphasis added.)

ELLETT, J., concurs in the dissenting opinion of CROCKETT, J.