Ronald Charles **LYLE**, Plaintiff and Appellant,

v.

Samuel **SMITH**, Warden, Utah State Prison, Defendant and Respondent.

No. 13770.

Supreme Court of Utah.

April 23, 1975.

Larry R. Keller of Salt Lake Legal Defender Ass'n, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., E. R. Callister, Jr., Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

HENRIOD, Chief Justice:

Appeal from a denial of a petition for writ of habeas corpus filed after the statutory time for appeal had expired. Affirmed.

 Lyle says his right to appeal constitutionally was denied after he was convicted at a jury trial for theft. He assigned as reasons that the trial court did not advise him of his 1) right to have an appeal and 2) appointed counsel.

As to 1): He had counsel of his own choosing *whom he paid before preliminary hearing and also before trial,* such counsel having represented him at both events. Lyle did not mention this fact, but after conviction, he asked the same counsel to perfect an appeal but could not get together on a fee. During the statutory time for appeal, when he could have asserted his alleged rights on a regular appeal, he was advised by a jailhouse lawyer *not* to appeal because he would have a better chance with a habeas corpus. He took such advice, then employed the services of a deputy in the legal defenders' agency who filed a so-called unsworn-to "Motion to Extend Time for Appeal"[1] saying, among other things, that he "had an attorney appointed by the court" at the trial. This was refuted in a sworn statement by his former attorney who also denied such statement in testimony subsequently given by the latter at the hearing, subject of this appeal; and even the District Court who presumably had appointed such attorney signed an affidavit to the contrary, which was introduced at such hearing. Other evidence appears in the record, including a written Finding of the Trial Judge that "Petitioner was advised of his right to an appeal *and was aware that an attorney would be appointed for him to pursue an appeal should he desire one.*" The italicized part of the quote is amply supported by the record, and of itself would be dispositive of this case. It is unnecessary, however, to canvass such evidence here since it is obvious from the record that defendant had counsel at every stage of the proceedings, perhaps in varying degrees of competency, which suggests that this appeal simply may be a vehicle to carry an Exhaustion of State Remedies passenger on defendant's excursion into a hoped-for safer landing at a greener judicial bourn.

We think that the facts in this case require dispositive treatment in accord with what we have said before on more than one occasion,[2] including necessity for a timely appeal and no attempt to use habeas corpus proceedings as a substitute for an appeal.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

1. which was denied by this Court, rejecting the same rights that are presented in this habeas corpus appeal.

2. Brown v. Turner, 21 Utah 2d 96, 440 P.2d 968 (1968); Bryant v. Turner, 19 Utah 2d 284, 431 P.2d 121 (1967); Burleigh v. Turner, 15 Utah 2d 118, 388 P.2d 412 (1968); Duran v. Turner, 30 Utah 2d 249, 516 P.2d 353 (1973); Zumbrunnen v. Turner, 27 Utah 2d 428, 497 P.2d 34 (1972).