539 P.2d 630

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe SEDILLO, Defendant-Appellant.**

**No. 1471.**

Court of Appeals of New Mexico.

July 16, 1975.

Toney Anaya, Atty. Gen., Charles Roybal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

HENDLEY, Judge.

Defendant was indicted for trafficking in a controlled substance contrary to § 54-11-20, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, 1962, Supp.1973). He was first brought to trial on September 5, 1973. A jury was empaneled and sworn, an opening statement was made, and a police officer had given approximately two and one-half hours of testimony. During defendant's re-cross examination the following ensued:

*"BY MR. HARTKE [defense counsel]:*

"...

"Q   Officer, I want to just briefly go back to one point, and that is the question about this informant 722. You say that he did not introduce you even though the grand jury testimony indicates he did, but that he merely pointed him out ?

"A   As far as an introduction, there

"Q   Yes.

"A   As far as the introduction, there could be various introductions. We consider it an introduction as far as just the paper work for ourselves if the man points him out to us and he is there, he is there with us, you know, to an extent that the different defendants, whoever it is, sees us with the informant. That could be an introduction instead of a verbal introduction, you know, on a name basis.

"Q   Officer, I have a licensed lie detector man waiting—

"MR. TAYLOR: Your Honor, I will object to this. It is very improper.

"MR. HARTKE: If the District Attorney will stipulate to it, we will admit it into evidence.

"MR. TAYLOR: That is improper.

"MR. HARTKE: I am prepared to do it in front of the jury or out of the presence of the jury.

"MR. TAYLOR: May we approach the bench, please?

"(Thereupon, a discussion was had between the Court and counsel outside the hearing of the jury, and not made a part of the record.)

"THE COURT: Ladies and gentlemen, a polygraph examination is not admissible in evidence in New Mexico. It has never been admissible, and the courts have indicated that it can not be used even if both sides stipulate to its admissibility.

"Based on that and the fact that this might influence you one way or another in this case, the Court is going to declare a mistrial, and I am holding Mr. Hartke in contempt of Court for bringing that up. I feel he should know better than that. So with that you are excused at this time, and we will ask you to come back tomorrow morning at nine o'clock for another case. I want to see counsel in chambers. You are excused, Officer.

"(Thereupon, at 2:10 o'clock p. m., the jury was excused.)"

A motion to dismiss the indictment on grounds of double jeopardy was filed,

heard and denied. Defendant was again brought to trial and this time convicted. His present appeal alleges several points for reversal. One is dispositive; it is that defendant was unconstitutionally placed in jeopardy a second time when he was re-tried for the same offense. We according-ly reverse the conviction and direct a dis-charge of the defendant.

We first note that while one judge of the Second Judicial District declared the mistrial at defendant's initial trial, the mo-tion to dismiss on grounds of double jeop-ardy was presented to another judge of the same district. It appears from the record that this second judge denied defendant's motion because he felt that he did not have the authority to review the first judge's exercise of discretion. It is our view that as a matter of conserving judicial energy, the second judge should have reached the merits of defendant's motion. See *United States v. Whitlow*, 110 F.Supp. 871 (D.D. C.1953); *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

There is no question but that jeopardy had attached at the September 5, 1973 proceedings. *State v. Rhodes*, 76 N. M. 177, 413 P.2d 214 (1966); *Ex parte Williams*, 58 N.M. 37, 265 P.2d 359 (1954). The state initially contends that since de-fendant did not object to the sua sponte granting of the mistrial, he is precluded under *State v. Woo Dak San*, 35 N.M. 105, 290 P.2d 322 (1930) from raising the issue on appeal. We do not consider the doc-trine of waiver as stated in *Woo Dak San* to be applicable to the instant case. This was a case in which Chief Judge Wood of our Court conducted a pre-appeal hearing for the purpose of limiting the contents of the record on appeal pursuant to Supreme Court Order dated September 6, 1972. The transcript of that hearing is part of the record of this appeal. Counsel was called upon to justify the inclusion of that por-tion of the record which consisted of the transcript of the September 5, 1973 pro-

ceedings. He stated the reason he did not oppose the mistrial was that "I was held in contempt, your honor, which at that point I took to [mean] that I should be silent from then forth, having received the ulti-matum of the Court." It would offend our sense of justice to construe defendant's si-lence after the granting of the mistrial un-der these circumstances as an intentional relinquishment of a known right, see *John-son v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), or as the mere play of wits of the sharp practitioner. See *Woo Dak San, supra*.

We thus reach the merits of de-fendant's point for reversal. For 150 years, the rule has been that where a mis-trial is granted not at the behest of defend-ant, a second trial is precluded by the dou-ble jeopardy clause of the Fifth Amend-ment to the United States Constitution un-less it can be said that there was a "mani-fest necessity" or "compelling reason" for the granting of a mistrial. *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824); *United States v. Jorn, supra; Illinois v. Somerville*, 410 U.S. 458, 93 S. Ct. 1066, 35 L.Ed.2d 425 (1973); *United States v. Whitlow, supra; State v. Wes-son*, 83 N.M. 480, 493 P.2d 965 (Ct.App. 1972). Upon appellate review, the question to be decided is whether the trial court ex-ercised sound judicial discretion to ascer-tain that there was a manifest necessity for the declaration of the mistrial. *United States v. Jorn, supra; People v. Maguire*, 38 Mich.App. 576, 196 N.W.2d 880 (1972).

The reason for the sua sponte dec-laration of a mistrial in the case at bar was what we surmise to be defense coun-sel's implicit challenge to the police officer to take a polygraph test. There was but one reference to the "lie detector man." This is not a case of repeated misconduct by defense counsel. Nor do we consider one isolated reference to lie detectors a type of misconduct that would go to the very vitals of the trial itself such as tam-

pering with the jury. See *United States v. Whitlow, supra; People v. Maguire, supra.* It does not appear that any effort was made to cure the error by instruction to the jury. In short, it does not appear that the trial judge made any effort to assure that there was a manifest necessity for the sua sponte declaration of this mistrial. *United States v. Jorn, supra; United States v. Whitlow, supra; People v. Maguire, supra.* Thus, we can only conclude that reprosecution of the defendant would violate his right under the Fifth Amendment of the United States Constitution not to be put in jeopardy twice for the same offense.

Reversed and defendant is discharged. It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.