324 S.E.2d 397

**Phillip M. PORTER**

v.

**Hon. Alfred E. FERGUSON, Judge, etc., et al.**

**No. 16393.**

Supreme Court of Appeals of West Virginia.

Dec. 21, 1984.

---

John J. McOwen, Huntington, Ronald J. Flora, Milton, for appellant.

Chauncey Browning, Atty. Gen., Andrew Lopez, Asst. Atty. Gen., Charleston, for appellee.

HARSHBARGER, Justice:

Phillip M. Porter petitions for prohibition to prevent the Circuit Court of Cabell County from retrying him for first degree murder. He asserts that because the trial court erroneously declared a mistrial in a previous proceeding on the same charge, retrial is barred by double jeopardy.

In January, 1982, Porter was indicted on two counts of first degree murder. His motion for severance was granted, the State elected to try him on Count I, and in March, 1982, a jury acquitted him.

In September, 1982, Porter moved that Count II be dismissed on double jeopardy grounds. The motion was denied, he was tried on that count in August, 1983, the jury was unable to reach a verdict, and a mistrial was declared.

Porter's second trial on Count II commenced January 17, 1984. The State successfully moved in limine to prevent inquiry into a previous arrest of a key prosecution witness on charges unrelated to those against Porter. During cross-examination of this witness, however, defense counsel asked her, "Were you not arrested on anything?" Before the witness could answer, the trial court intervened. The prosecutor objected that the question violated the in limine order and, out of the presence of the jury, moved for a mistrial. The court sustained the objection and admonished defense counsel to limit his inquiry to prior convictions, but took the motion for a mistrial under advisement and adjourned until the next day.

Due to a snowstorm, however, resumption of the trial was delayed until January 19, 1984, when the State's motion was taken up in chambers. There was further discussion about the bounds of permissible inquiry, and the court admonished defense counsel to comply with its rulings or face contempt charges. The State then withdrew its mistrial motion.

Cross-examination of the same witness was resumed and defense counsel began questioning her about interviews she had given the police. In response to one question, the witness volunteered that she had been arrested. Defense counsel then asked, "What for?". The court immediately intervened, refusing to allow the witness to answer the question. After a discussion out of the presence of the jury, the State again moved for a mistrial. The motion was granted over Porter's objections.

Porter asks us to prohibit another trial on Count II because there was no manifest necessity for the declaration of a mistrial, and he will be doubly jeopardized.

 The double jeopardy clauses of the Fifth Amendment to the federal Constitution and Article 3, Section 5 of the West Virginia Constitution[1] protect an accused from repeated prosecutions or multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *State v. Frazier*, 162 W.Va. 602, 252 S.E.2d 39 (1979). Jeopardy attaches when a jury has been impaneled and sworn,[2] and embraces a defendant's "valued right to have his trial completed by a particular tribunal,"[3] and is a consideration in midtrial terminations. *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).

 Midtrial discharge of a jury at the behest of the prosecution and over the objection of a defendant is generally not favored. *See, e.g., Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963).

As a result of the concern that harassment may occur where the state is allowed to seek mistrials, it has generally been held that if the prosecutor seeks and obtains a mistrial, or if one is declared *sua sponte* by the trial court for trial error by the state, then the defendant is entitled to the bar of double jeopardy on a retrial. *Downum v. United States, supra; United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977).

State ex rel. Betts v. Scott, 165 W.Va. 73, 267 S.E.2d 173, 179 (1980).

"Unless the occasion for mistrial is a manifest necessity beyond the control of the prosecutor or judge, the prosecution should not be permitted to move for and obtain a mistrial." *Id.*

 The determination of whether "manifest necessity" that will justify ordering a mistrial over a defendant's objection exists is a matter within the discretion of the trial court, to be exercised according to the particular circumstances of each case. *See United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824); *State v. Little*, 120 W.Va. 213, 197 S.E. 626 (1938). It is neither possible nor desirable to define all the circumstances which will support a finding of manifest necessity.

 It has been recognized, however, that in the trial court's exercise of its discretion, "unquestionably, an important factor to be considered is the need to hold litigants on both sides to standards of responsible professional conduct in the clash of an adversary criminal process." *United States v. Jorn*, 400 U.S. 470, 486–487, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971). Consequently, a general rule has evolved to the effect that improper conduct of defense counsel which prejudices the State's case

---

**1.** "[N]or· shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amend. V.

"[N]or shall any person, in any criminal case ... be twice put in jeopardy of life or liberty for the same offence." W.Va. Const. art. 3, § 5.

**2.** "One is in jeopardy when he has been placed on trial on a valid indictment, before a court of competent jurisdiction, has been arraigned, has pleaded and a jury has been impaneled and sworn." *Brooks v. Boles*, 151 W.Va. 576, 583,

153 S.E.2d 526, 530 (1967). *See also Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Adkins v. Leverette*, 164 W.Va. 377, 264 S.E.2d 154 (1980).

**3.** *Wade v. Hunter*, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949), *quoted in Illinois v. Somerville*, 410 U.S. 458, 466, 93 S.Ct. 1066, 1071, 35 L.Ed.2d 425 (1973); *United States v. Jorn*, 400 U.S. 470, 484–485, 91 S.Ct. 547, 556–557, 27 L.Ed.2d 543 (1971) (plurality opinion).

may give rise to manifest necessity to order a mistrial over the defendant's objection. *Arizona v. Washington, supra; United States v. Dinitz, supra; Haight v. State,* 259 Ark. 478, 533 S.W.2d 510 (1976); *Walsh v. State,* 418 So.2d 1000 (Fla.1982); *Strawn v. State ex rel. Anderberg,* 332 So.2d 601 (Fla.1976); *Abdi v. State,* 249 Ga. 827, 294 S.E.2d 506 (1982); *State v. Aguilar,* 478 S.W.2d 351 (Mo.1972); *State v. Palmieri,* 28 Ohio L.Abs. 398, 13 Ohio Ops. 517, 46 N.E.2d 318 (1938).

In those circumstances, a defendant's "valued right" to be tried by a particular tribunal has been held to be "subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." [4] (Footnote omitted.) *Arizona v. Washington,* 434 U.S. at 505, 98 S.Ct. at 830.

 The ultimate determination in deciding whether improper conduct of counsel rises to the level of manifest necessity to warrant midtrial discharge of a jury over a defendant's objection is whether the jury has been so prejudiced as to deprive the State of a fair opportunity to try the defendant. That is peculiarly within the trial court's sound discretion.[5] *See Braxton v. Commonwealth,* 195 Va. 275, 77 S.E.2d 840 (1953). Accordingly, "the overriding interest in the evenhanded administration of justice requires that we accord the highest degree of respect to the trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected by the improper [con-

duct]." *Arizona v. Washington,* 434 U.S. at 511, 98 S.Ct. at 833.

 This standard of review is less stringent than that required when a prosecution's motion for mistrial is motivated by a desire to buttress weaknesses in its case.[6] However, as the Supreme Court stated in *Arizona v. Washington, supra:*

Unless unscrupulous defense counsel are to be allowed an unfair advantage, the trial judge must have the power to declare a mistrial in appropriate cases. The interest in orderly, impartial procedure would be impaired if he were deterred from exercising that power by a concern that any time a reviewing court disagreed with his assessment of the trial situation a retrial would automatically be barred. The adoption of a stringent standard of appellate review in this area, therefore, would seriously impede the trial judge in the proper performance of his 'duty, in order to protect the integrity of the trial, to take prompt and affirmative action to stop ... professional misconduct. [*United States v. Dinitz,* 424 U.S.] at 612, 96 S.Ct., at 1082. (Footnote omitted.)

434 U.S. at 513, 98 S.Ct. at 834.

 Of course, the trial court's discretion in this regard is not unlimited. He "must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate." *Unit-*

---

**4.** "[T]here has always been a clear recognition that the demands of public justice should afford the state a reasonable opportunity to present its case against the defendant and that it should not be penalized because of conditions beyond its control which require a midtrial termination ...." *State ex rel. Betts v. Scott,* 165 W.Va. at 81, 267 S.E.2d at 178.

**5.** "He has seen and heard the jurors during their *voir dire* examination. He is the judge most familiar with the evidence and the background of the case on trial. He has listened to the tone of the argument as it was delivered and has observed the apparent reaction of the jurors. In short, he is far more 'conversant with the factors relevant to the determination' than any

reviewing court can be. *See Wade v. Hunter,* 336 U.S. 684, 687, 69 S.Ct. 834, 836, 93 L.Ed. 974." *Arizona v. Washington,* 434 U.S. at 413–514, 98 S.Ct. at 834.

**6.** "The manifest necessity exception that will forestall jeopardy has evolved to the point that 'the strictest scrutiny is appropriate when the basis for the mistrial is the unavailability of critical prosecution evidence, or when there is reason to believe that the prosecutor is using the superior resources of the State to harass or to achieve a tactical advantage over the accused.' *Arizona v. Washington,* 434 U.S. 497, 508, 98 S.Ct. 824, 832, 54 L.Ed.2d 717, 730 (1978)." *State ex rel. Betts v. Scott,* 165 W.Va. at 79, 267 S.E.2d at 177.

*ed States v. Jorn,* 400 U.S. at 486, 91 S.Ct. at 558 (Harlan, J.).

> *Id.* at 514, 98 S.Ct. at 835.

Thus, when the trial court acts irrationally, irresponsibly or precipitately in response to a prosecutor's motion for a mistrial, such action will not be condoned, and double jeopardy will bar a retrial of the accused for the same offense.

■ We cannot say that this trial court abused its discretion in granting the State's motion for a mistrial. The record reveals that Porter's lawyer tried to impeach a key prosecution witness by asking her if she had ever been arrested for anything. The inquiry was not only improper,[7] but was also in direct violation of the limine ruling. Defense counsel was admonished, not once, but twice, against inquiring into the witness' prior arrests, and threatened with contempt if he did so. He then embarked upon a line of questioning that elicited the desired response.

It is clear that the court did not act precipitately: both incidents resulted in lengthy discussion at the bench about the conduct of counsel and the double jeopardy ramifications of ordering a mistrial. The jury was not discharged until it became apparent that defense counsel did not intend to abide by the court's order.[8] In these circumstances, we must defer to the trial court's finding of manifest necessity, and we find no bar to Porter's retrial.

■ Porter also contends that the trial court should have polled the jury to determine whether there was any actual prejudice. We note only that no motion for a poll of the jury was made by either party.

Accordingly, the matter was discretionary with the trial court.

For the reasons stated above, the writ of prohibition is denied and the rule to show cause is dissolved.

Writ denied.

---

7. "[I]n no event, upon effort to discredit a witness on cross-examination, is it proper to ask him if he has been indicted for, or otherwise charged with an offense. Mere accusation should carry no stigma. One is presumed to be innocent until his guilt is proved. That postulate of the law is not mere hollow form or deceitful phrase. It is one of the basic guarantees of American citizenship and must be treated as such." *State v. Price,* 113 W.Va. 326, 334–335, 167 S.E. 862, 866 (1933). *See also United States v. Pennix,* 313 F.2d 524 (4th Cir. 1963); *Simon v. United States,* 123 F.2d 80 (4th Cir.), *cert. denied,* 314 U.S. 694, 62 S.Ct. 412, 86 L.Ed. 555 (1941); 81 Am.Jur.2d *Witnesses* § 587 (1976). *But see State v. Woods,* 155 W.Va. 344, 184 S.E.2d 130 (1971), *overruled on other grounds, State v. McAboy,* 160 W.Va. 497, 236 S.E.2d 431 (1977), allowing an exception where the arrest would show bias or influence of the witness against the other party.

8. During the second bench conference, the trial court made the following comments in response to the prosecution's call for order:

> The Court: "How can I do that? I don't know what will happen until it comes out. I can't anticipate what Mr. McOwen is going to do. I have explained to him what my ruling is. The only way to correct it is to declare a mistrial. I don't know what else to do."