785 P.2d 1035

**Terry CALLAWAY, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 18896.**

Supreme Court of New Mexico.

Jan. 25, 1990.

Rehearing Denied Feb. 14, 1990.

Marchiondo, Vigil & Voegler, Michael E. Vigil, Albuquerque, for petitioner.

Hal Stratton, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

SOSA, Chief Justice.

We granted petitioner a writ of certiorari to review the court of appeals' 2–1 decision affirming his convictions (*State v. Callaway*, 109 N.M. 564, 787 P.2d 1247 (Ct.App.1989), Apodaca, J., dissenting). After consideration of the petition, the court of appeals' opinion, arguments raised on the petition and on appeal, and pertinent portions of the appellate record, we reverse the court of appeals. On remand to the district court, the petitioner shall be discharged from custody.

The issue is whether the trial court erred in granting a mistrial in petitioner's first trial, and then denying his motion to bar retrial on double jeopardy grounds. We do not find it necessary .to restate the facts leading to mistrial, as the court of appeals' opinion adequately does that. Nor do we find it necessary to reconsider the arguments adduced for and against the trial court's sua sponte granting of mistrial. Suffice it to say that we find Judge Apodaca's dissent persuasive in its disagreement with the majority's opinion.

For clarification, we add the following points to Judge Apodaca's argument. Petitioner had thrice moved for mistrial for reasons unrelated to the grounds on which the trial judge eventually based his order. Petitioner's prior motions should not have detrimentally affected his appeal.

[W]hether retrial is barred "depends not only upon whether the declaration of mistrial followed a request by the defendant for a mistrial, but whether the mistrial was declared in a manner and under circumstances which fully recognize the right of the defendant to retain that primary control [over the course to be followed].... " Even though the defendant has attempted once to waive his right to go to the jury (by the motion), he does not thereby waive the "primary right" to retain control if the attempt is rejected (by denial of the motion).

*State v. Flick*, 495 A.2d 339, 345 (Me.1985) (quoting *Braxton v. United States*, 395 A.2d 759, 767 (D.C.Ct.App.1978)). The quoted rule is doubly applicable when any prior motion for mistrial is predicated on grounds unrelated to those actually relied upon by the court in ordering a mistrial.

The standards to be applied in evaluating a trial court's actions in ordering a mistrial are amply set forth in *State v. Messier*, 101 N.M. 582, 584, 686 P.2d 272, 274 (Ct.App. 1984), and *State v. Saavedra*, 108 N.M. 38, 41–43, 766 P.2d 298, 301–03 (1988), and therefore we shall not discuss those standards here. The majority in the court of appeals opinion did not choose the wrong standards; instead, it misapplied those standards. In particular, the court of appeals' reliance on *Porter v. Ferguson*, 324 S.E.2d 397 (W.Va.1984) was misplaced. In that case, defendant's counsel twice deliberately disobeyed the court's order prohibiting inquiry into a key witness' prior arrests. The attorney first asked the witness, "Were you not arrested on anything?", *Id.* at 399, and then, after an explicit admonition, defense counsel once again asked why the witness had been arrested. *Id.*

Contrary to the setting in *Porter*, here defense counsel asked a legitimate question, not prohibited by previous court order, and then got an unresponsive answer from the witness which, had defense counsel *solicited* the response, would have violated the court's order. The trial judge then reacted angrily and declared a mistrial, even though the prosecution denied that it wanted a mistrial, and even though defense counsel objected to the granting of a mistrial. We sympathize with the trial court's zeal both in seeking to assure petitioner a fair trial and to protect the State's case from prejudicial assault, but the court went too far. Its justifiable displeasure with the witness was misdirected toward petitioner.

Previous testimony had established that the victim had been dissuaded from filing a complaint against petitioner with police officials. Thus, defense counsel was permitted to have asked the witness, a state trooper, if the trooper had done anything to dissuade the victim from filing a complaint. When the witness then volunteered that he had not believed the victim's story, it was the witness' fault and not that of defense counsel that such prejudicial testimony was injected into the trial. We agree that defense counsel should have sought the witness out and warned him not to disobey the court's order, but the fact that defense counsel was remiss in doing so should not redound to petitioner's harm.

The court in *Porter* stated: "[W]hen the trial court acts irrationally, irresponsibly or precipitately in response to a prosecutor's motion for a mistrial, such action will not be condoned, and double jeopardy will bar a retrial of the accused for the same offense." *Id.*, 324 S.E.2d at 401. The above rule applies even more forcefully when the trial court sua sponte orders a mistrial.

Further, the trial court here failed to explore other alternatives to a mistrial. *See, eg., State v. Gardner*, 103 N.M. 320, 706 P.2d 862 (Ct.App.), *cert. denied*, 103 N.M. 287, 705 P.2d 1138 (1985). The witness' testimony was not so prejudicial that its damage could not have been corrected by an admonition to the jury to disregard it. The words of the Supreme Court in a similar setting are applicable here: "[I]t seems abundantly apparent that the trial judge made no effort to exercise a sound

discretion to assure that, taking all the circumstances into account, there was a manifest necessity for the sua sponte declaration of this mistrial." *United States v. Jorn*, 400 U.S. 470, 487, 91 S.Ct. 547, 558, 27 L.Ed.2d 543 (1971). *See Saavedra.* Our holding is made irrespective of the fact the trial court failed to issue findings and conclusions on why it ordered the mistrial. *See Arizona v. Washington*, 434 U.S. 497, 516–17, 98 S.Ct. 824, 835–36, 54 L.Ed.2d 717 (1978).

Accordingly, "we can only conclude that reprosecution of the defendant [violated] his right under the Fifth Amendment of the United States Constitution not to to be put in jeopardy twice for the same offense." *State v. Sedillo*, 88 N.M. 240, 243, 539 P.2d 630, 633 (Ct.App.1975).

Reversed and remanded with instructions to discharge petitioner from custody.

IT IS SO ORDERED.

RANSOM, MONTGOMERY and WILSON, JJ., concur.

BACA, Justice (dissenting).

I am unable to agree with the majority's opinion and therefore dissent. I am satisfied with the analysis contained in the majority opinion of the court of appeals with regard to the question of double jeopardy. I would therefore adopt that portion of that opinion as my dissent.