541 S.E.2d 571

**STATE of West Virginia ex rel. Wayne Keith BAILES, Petitioner,**

v.

**Honorable Frank E. JOLLIFFE, Judge of the Circuit Court of Greenbrier County, and Stephen Dolly, Special Prosecuting Attorney, Respondents.**

No. 27912.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 3, 2000.

Decided Nov. 3, 2000.

M. Steven Sinkiewicz, Public Defender, Lewisburg, for Petitioner.

Stephen R. Dolly, Special Prosecuting Attorney, Charleston, for Respondents.

PER CURIAM:

The petitioner, Wayne Keith Bailes, filed a petition for a writ of prohibition against the respondents, the Honorable Frank Jolliffe, Judge of the Circuit Court of Greenbrier County, West Virginia, and Stephen Dolly, special prosecuting attorney, seeking to prohibit the respondent judge from retrying him for the charges contained in indictment number 99–F–68(J) after his first trial ended in a mistrial. We issued a rule to show cause.

After applying the law to the facts of this case, we find the circuit court properly ruled that manifest necessity existed to declare a mistrial; therefore, we deny the request for prohibition relief.

## I.

## BACKGROUND

An indictment was returned against the petitioner in the Circuit Court of Greenbrier County apparently charging him with several April 1999 shootings. A number of tractor-trailers were shot in Nicholas and Greenbrier counties along with the home of the petitioner's ex-wife and the home of his ex-sister-in-law and ex-brother-in-law. Shots were also fired at a Go Mart where the petitioner's ex-wife worked. Similar shooting incidents occurred in October 1997 for which the petitioner was indicted and tried. At the close of the 1997 trial, the petitioner was acquitted of those charges.

The circuit court held a series of pre-trial hearings to deal with evidentiary issues. One of the issues concerned whether 404(b) evidence [1] of other crimes, wrongs, or acts, in this case, the 1997 shootings, could be introduced during the 1999 trial for any reason. The State believed this evidence was relevant for identity purposes and asked that the evidence be admitted to show identity. After hearing arguments from both sides, the judge declared his ruling by stating, "In looking at the other standards and the other issues, the Court must find that this other crime evidence is probative of a material issue other than character. In my judgment, it is probative on the issue of identity." The judge continued by stating, "It is the judgment of the Court that the evidence is relevant, and it's relevant to the issue of identity.... [T]he evidence may be admitted for the limited purpose of identity."

The petitioner's jury trial began on April 18, 2000. During the second day of the trial, the State called Deputy Henry Spinks to testify. During cross-examination, defense counsel questioned Deputy Spinks regarding the part he played in the investigation of the 1997 incidents. Defense counsel then asked, "Do you know if the Defendant was found guilty or not guilty?" The State immediately objected. The judge held a bench conference, after which the jury was sent to the jury room. The judge then reminded defense counsel that the scope of the 1997 evidence was limited, and continued by stating, "Now the Defendant has intentionally opened that door wide open.... That was improper. That should never have come up without somehow being addressed by the Court. And the question is what we do about it."

After discussing the evidence with the prosecutor and defense counsel, the judge made his position very clear by stating:

> I let that evidence in for a very limited purpose and made the express finding, as Counsel will recall, that its admissibility related to whether or not it had been established by a preponderance. The standard is different. The standard in the trial is beyond a reasonable doubt. And I indicated that to Counsel, that that was the reason for the ruling. That is a technical legal requirement, and the defense has interjected something in this that is not relevant and is not an issue and not appropriate. I let that evidence in for a limited purpose. And this intentional action of the defense disturbs me.
>
> \*    \*    \*    \*    \*    \*
>
> You just sat here and took advantage of the fact that I told them it was admissible only for a limited purpose.
>
> \*    \*    \*    \*    \*    \*

---

1.  West Virginia Rule of Evidence 404(b) states:
    (b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or ab-

sence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

You have interjected that whole trial by the questioning. And the question is what we do about it.

The court gave counsel a recess to think about and discuss possible remedies.

The State believed the question had to be answered since it had "been raised in the jury's mind." The State also believed the circumstances surrounding the previous trial would have to be explained by offering the testimony of a witness who was not permitted to testify in the previous trial due to making a late appearance. Defense counsel believed the problem could be cured with a cautionary instruction. The court did not "think a limiting instruction saying 'disregard this' help[ed] at all." The judge continued by stating:

> Whether we can cure it by letting a bunch more evidence in that shouldn't come in is another issue, and where that takes us and how far astray we'll get on that. We'll not try the other case because of what happened here. It bothers me that the Defendant objects to evidence, I very carefully limit it, and then the Defense takes advantage of that in what was not an appropriate fashion in my judgment.

In the final analysis, the court determined two options were available: (1) admit everything that happened in the previous trial or (2) declare a mistrial. Another recess was taken to allow counsel to decide how to proceed. After the recess, defense counsel announced that an agreement had been reached. The prosecutor would present the testimony of two officers to explain the circumstances surrounding the previous trial. The prosecutor would then argue during closing argument that the officers' testimony explained the prior acquittal. Defense counsel would refrain from presenting argument regarding the acquittal during closing argument. The court stated that the petitioner must agree and must knowingly and intelligently waive any objection to the introduction of this evidence. The petitioner agreed.

Defense counsel then requested a limiting instruction. The judge said he would not give a limiting instruction and informed the attorneys that they were essentially asking him to let them "stipulate to error coming in." The judge finally said, "I don't know how we get out of this mess." The prosecutor agreed the situation was getting "deeper and stickier[.]" Another recess was taken after which proceedings resumed. The prosecutor admitted they could not "figure out a way [to] solve this problem." The court was concerned about the limitations that were being placed on the defendant's closing argument. Defense counsel agreed that was "the problem." The prosecutor finally asked for a mistrial which was granted. The judge said, "I see no other way to do it other than to find that there is a manifest necessity that a mistrial be declared.... But there is prejudice to the State so far, but if we keep going forward, I see prejudice to the Defendant." A new trial was scheduled. The petitioner asks this Court to prohibit the retrial.

## II.

### DISCUSSION

In conformance with W.Va.Code § 53–1–1 (1923), this Court has previously said, "A writ of prohibition does not lie in the absence of a clear showing that a trial court is without jurisdiction to hear and determine a proceeding, or, having such jurisdiction, has exceeded its legitimate power." Syllabus Point 1, *Fahey v. Brennan*, 136 W.Va. 666, 68 S.E.2d 1 (1951). The following guidelines were later set forth:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines

that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

The petitioner contends the State violated his constitutional protection against multiple prosecutions for the same offense when the circuit court found that misconduct necessitated a mistrial. He claims this is so because he questioned Deputy Robinson at a pretrial hearing regarding the outcome of the prior trial and the prosecutor did not object. Also, after the court discharged the jury during the trial, the parties were given an opportunity to suggest alternatives to a mistrial but were not given a clear opportunity to consent to or oppose the court's order. The petitioner contends that jeopardy therefore attaches and he would be "gravely prejudiced" by a retrial.

■ The general rule we must apply is stated succinctly in Syllabus Point 1 of *State v. Shelton*, 116 W.Va. 75, 178 S.E. 633 (1935): "In the trial of a criminal case the trial court, acting under Code, 62-3-7, may, for manifest necessity, discharge the jury and order a new trial. Such action will not afford basis for a plea of former jeopardy." This basic premise was later explained in greater detail in Syllabus Point 1 of *State v. Little*, 120 W.Va. 213, 197 S.E. 626 (1938), which reads as follows:

When an accused pleads not guilty to a valid indictment and a jury is sworn to try the issue thereby raised, jeopardy begins, subject to Code, 62-3-7, which provides " * * * in any criminal case the court may discharge the jury when it appears that they cannot agree on a verdict or that there is manifest necessity for such discharge." If a jury, without rendering a verdict, is discharged, in conformity with the statute, jeopardy is set at naught.[2]

Jeopardy is set at naught because of "society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws." *Arizona v. Washington*, 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717, 730 (1978).

■ The only issue involved in this case is whether or not the question asked by defense counsel during cross-examination constituted a manifest necessity warranting the court to declare a mistrial. This Court has previously said that "[i]mproper conduct of defense counsel which prejudices the State's case may give rise to manifest necessity to order a mistrial over the defendant's objection." Syllabus Point 4, *Porter v. Ferguson*, 174 W.Va. 253, 324 S.E.2d 397 (1984). However, "[u]nless the occasion for mistrial is a manifest necessity beyond the control of the prosecutor or judge, the prosecution should not be permitted to move for and obtain a mistrial." Syllabus Point 2, *id.*

■ The circumstances under which a mistrial may properly be granted to the prosecution were set forth in Syllabus Point 5 of *Keller v. Ferguson*, 177 W.Va. 616, 355 S.E.2d 405 (1987), as follows:

Where a prosecutor claims that the defense has by its actions prejudiced the jury, he is entitled to obtain a mistrial, without double jeopardy barring a retrial, if it can be shown: (1) that the conduct complained of was improper and prejudicial to the prosecution, and (2) that the record demonstrates the trial court did not act precipitously and gave consideration to alternative measures that might alleviate the prejudice and avoid the necessity of terminating the trial.

Moreover, "[t]he determination of whether 'manifest necessity' that will justify ordering a mistrial over a defendant's objection exists is a matter within the discretion of the trial court, to be exercised according to the particular circumstances of each case." Syllabus Point 3, *Porter, supra.*

In the case at bar, the judge made it abundantly clear to both sides that the 1997 trial was admissible strictly for identity purposes. Defense counsel improperly questioned Deputy Spinks regarding the outcome of the trial. Following the State's instant

---

**2.** Stated another way, " '[t]ermination of a criminal trial arising from a manifest necessity will not result in double jeopardy barring a retrial.'

*Syl. Pt. 4, Keller v. Ferguson*, 177 W.Va. 616, 355 S.E.2d 405 (1987)." Syllabus Point 2, *State v. Gibson*, 181 W.Va. 747, 384 S.E.2d 358 (1989).

objection, the judge immediately held a bench conference. The attorneys were then given two recesses to discuss potential remedies. After much discussion and soul searching, the judge determined that no satisfactory remedy existed. The question, as it was asked, prejudiced the prosecution; if the State presented its evidence explaining the reason for the prior acquittal, the defendant would be prejudiced. A cautionary instruction would not cure the damage that was done.

We denied the requested writ in *Porter* because defense counsel directly violated an in limine ruling. The lawyer tried to impeach a prosecution witness by asking if she had ever been arrested for anything. Since the witness had not been convicted, defense counsel was aware this was an improper question. He pursued the question anyway. He was admonished twice and threatened with contempt by the court but persisted until he elicited the desired response. In the case *sub judice*, defense counsel knew the prior trial was admissible solely for identity purposes and the outcome of the trial was inadmissible. He nonetheless persisted in asking his question and, thereby, caused the mistrial.

After the jury was sent to the jury room and again after each recess the court conducted lengthy discussions about the possible remedies and the ramifications to each side of each of the potential remedies. After careful consideration, the court determined that manifest necessity existed to declare a mistrial. We cannot say the court abused its discretion or acted precipitately. Under these circumstances, we defer to the trial court's finding of manifest necessity and find no bar to the appellant's retrial.

### III.

### CONCLUSION

For the reasons stated above, the writ of prohibition is denied and the rule to show cause is dissolved.

Writ denied.