STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

DOUGLAS LIBERT,
Petitioner Below, Petitioner

vs.) No. 13-1111 (Wood County No. 13-P-46)

JOSEPH KUHL, MAGISTRATE,
Respondent Below, Respondent

FILED

September 18, 2014

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

MEMORANDUM DECISION

Petitioner, Douglas Libert ("Mr. Libert"), through counsel, Eric K. Powell, appeals the final order of the Circuit Court of Wood County entered June 3, 2013. In its order, the circuit court denied Mr. Libert's petition for writ of prohibition wherein he sought to prevent the magistrate court from proceeding with a new trial in his underlying criminal matter. The State, through Patrick Morrisey and Scott E. Johnson from the Attorney General's office, filed a response in support of the magistrate court.

Based upon the parties' written briefs and oral arguments, the appendix record designated for our consideration, and the pertinent authorities, we determine that the circuit court committed no error, and its denial of the petition for a writ of prohibition is affirmed. This case presents no new or significant questions of law; therefore, it will be disposed of through a memorandum decision as contemplated under Rule 21 of the Revised Rules of Appellate Procedure.

The facts underlying this case began on September 30, 2012, when Mr. Libert engaged in an argument with a neighbor and then allegedly spit in yet another neighbor's face (the "victim"). The police were called, Mr. Libert was charged with battery on the victim, and a jury trial was scheduled. During the pre-trial hearing, the State moved to exclude a video recording made by Mr. Libert during the altercations with his neighbors. The magistrate court granted the motion to exclude based on its determination that the videotape did not capture the time of the alleged incident with the victim. Thereafter, the case went to trial on March 25, 2013. In opening statements, during the recitation of his version of the facts, Mr. Libert's counsel informed the jury of the existence of the videotape, commenting that "Mr. Libert has a video camera in his hand to record the incident with . . . the neighbor next door and he videotapes some of this. That video you will not be seeing due to the court's ruling." The State timely objected and the magistrate instructed the jury "to disregard the mention to [sic] the videotape." After opening statements, the State

called its first witness, the alleged victim, who mentioned during his testimony that Mr. Libert had his video camera on his shoulder. The statement by the alleged victim was unsolicited and was not responsive to the question asked by the State. After a break for lunch, the State moved for a mistrial[1] based upon defense counsel's remarks during opening statements. The magistrate court granted the motion for a mistrial, excused the jury, and set a new trial date for June 17, 2013. Thereafter, Mr. Libert petitioned the circuit court for a writ of prohibition to prevent the magistrate court from proceeding with a new trial. On June 4, 2013, the circuit court entered an order denying Mr. Libert's petition for writ of prohibition and affirming the magistrate court's scheduling of a new trial. The circuit court stayed all proceedings in the magistrate court pending resolution of the instant appeal before this Court.

We have explained previously that matters regarding a mistrial are reviewed under an abuse of discretion standard. "The decision to declare a mistrial, discharge the jury, and order a new trial in a criminal case is a matter within the sound discretion of the trial court." Syl. pt. 8, *State v. Davis*, 182 W. Va. 482, 388 S.E.2d 508 (1989). "A trial court is empowered to exercise this discretion only when there is a 'manifest necessity' for discharging the jury before it has rendered its verdict." *State v. Williams*, 172 W. Va. 295, 304, 305 S.E.2d 251, 260 (1983). The decision as to the existence of manifest necessity is within the purview of the lower court. "The determination of whether 'manifest necessity' that will justify ordering a mistrial over a defendant's objection exists is a matter within the discretion of the trial court, to be exercised according to the particular circumstances of each case." Syl. pt. 3, *Porter v. Ferguson*, 174 W. Va. 253, 324 S.E.2d 397 (1984). Mindful of these applicable principles, we now consider the substantive issue presented herein.

On appeal to this Court, Mr. Libert argues that there was no manifest necessity for granting a mistrial and ordering a new trial. Accordingly, Mr. Libert contends that the circuit court erred when it denied his petition for a writ of prohibition and remanded his case to the magistrate court for a new trial. The State, to the contrary, asserts that the magistrate court was within its discretion to grant a mistrial. Specifically, the State explains that Mr. Libert's counsel improperly referred to inadmissible evidence during his opening statement and compounded the problem by telling the jury that they would not see the videotape due to the ruling by the magistrate court.

---

[1]The appendix record contains audio recordings of the trial; however, the magistrate failed to turn on the recording system upon return from the lunch break. There is no record of the discussion relating to the motion for mistrial.

As previously stated, a trial court is empowered to grant a mistrial only when there is a "manifest necessity" for discharging the jury before it has rendered its verdict. W. Va. Code § 62-3-7 (1923) (Repl. Vol. 2010). "Manifest necessity" warranting a mistrial arises from various circumstances, but must be forceful and appear prejudicial to the accused or the State. *State ex rel. Brooks v. Worrell*, 156 W. Va. 8, 190 S.E.2d 474 (1972). Mr. Libert urges this Court to find that the magistrate court erred in granting a mistrial as there was no manifest necessity to discontinue the trial and that retrial for the same offense is prohibited by double jeopardy.[2] Significantly, "[t]his power of the trial court must be exercised wisely; absent the existence of manifest necessity, a trial court's discharge of the jury without rendering a verdict has the effect of an acquittal of the accused and gives rise to a plea of double jeopardy." *State v. Williams*, 172 W. Va. 295, 304, 305 S.E.2d 251, 260 (1983) (internal citations omitted).

In the analysis of this case, our first task is to determine whether the magistrate court properly exercised its discretion in its conclusion that there was manifest necessity to justify the granting of the motion for a mistrial. The State's underlying motion for a mistrial was based on the improper comments by defense counsel during opening statements. Improper conduct of defense counsel may give rise to manifest necessity to order a mistrial over the defendant's objection when such conduct prejudices the State's case. *See* Syl. pt. 4, *Porter v. Ferguson*, 174 W. Va. 253, 324 S.E.2d 397 ("Improper conduct of defense counsel which prejudices the State's case may give rise to manifest necessity to order a mistrial over the defendant's objection."). Therefore, we turn to the question of whether the State's case was prejudiced by the defense counsel's opening statements. In Syllabus point 5 of *Keller v. Ferguson*, 177 W. Va. 616, 355 S.E.2d 405 (1987), we held that

> [w]here a prosecutor claims that the defense has by its actions prejudiced the jury, he is entitled to obtain a mistrial, without double jeopardy barring a retrial, if it can be shown: (1) that the conduct complained of was improper and prejudicial to the prosecution, and (2) that the record demonstrates the trial court did not act precipitously and gave consideration to alternative measures that might alleviate the prejudice and avoid the necessity of terminating the trial.

---

[2]"The Double Jeopardy Clause in Article III, Section 5 of the West Virginia Constitution, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense." Syl. pt. 1, *Conner v. Griffith*, 160 W. Va. 680, 238 S.E.2d 529 (1977).

In Mr. Libert's case, the inadmissibility of the videotape had been determined at a previous pretrial hearing. Nevertheless, defense counsel said, during opening statements, that "Mr. Libert has a video camera in his hand to record the incident with . . . the neighbor next door and he videotapes some of this. That video you will not be seeing due to the court's ruling." An examination of the opening statements, in light of the other facts regarding the magistrate court's previous ruling on the admissibility thereof, leads this Court to the conclusion that the opening statements were improper and prejudicial to the State. The inadmissible evidence was referenced intentionally, during opening statements, the most impressionable time for a jury, creating an irreparable prejudicial scenario. *See Simmons v. State*, 208 Md. App. 677, 57 A.3d 541 (2012) (holding that defense counsel's improper comment in opening statement rendered declaration of mistrial manifest necessity, emphasizing "powerful setting" of opening statements and their impact on juries); *see also Jackson v. State*, 855 So. 2d 178 (Fla. 2003) (stating that comments by defense in opening statement regarding evidence that jury is not permitted to hear necessitates mistrial).

When Mr. Libert's counsel told the jury about the inadmissible evidence, the State timely objected. After a discussion at the bench, the magistrate instructed the jury "to disregard the mention to [sic] the videotape." While alternative measures, such as a limiting instruction, can be an auxiliary method to address improper statements instead of declaring a mistrial, the facts of this case lead us to determine that there was no remedy to cure the prejudice created by the defense counsel's statements. Permitting the reference to inadmissible evidence frustrates the public interest by tainting the jury and prejudicing the State through the obvious implication that evidence was being withheld. The damage was already complete and irreversible.

The magistrate court was within its discretion to grant the State's motion for a mistrial and order a new trial because the State was prejudiced by the defense counsel's opening statement. The prejudice to the State as a result of defense counsel's inappropriate references to inadmissible evidence and the unavailability of any remedy to cure the prejudice created a manifest necessity to grant the State's motion for a mistrial, to discharge the jury, and to schedule a retrial.

For the foregoing reasons, we affirm the June 3, 2013, order by the Circuit Court of Wood County. Mr. Libert's petition for writ of prohibition was properly denied, and the case was correctly remanded to the magistrate court for a new trial.

Affirmed.

**ISSUED: September 18, 2014**

**CONCURRED IN BY:**

**Chief Justice Robin Jean Davis**
**Justice Brent D. Benjamin**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**