# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 14-0732** (Hampshire County 13-F-66)

**Robert Glenn Ford,**
**Defendant Below, Petitioner**

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Glenn Ford, by counsel Timothy M. Sirk, appeals the Circuit Court of Hampshire County's May 29, 2014, order sentencing him to one to fifteen years in prison for his conviction of one count of delivery of a controlled substance, in violation of West Virginia Code § 60A-4-401. The State of West Virginia, by counsel Julie A. Warren, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a mistrial based on an alleged violation of Rule 404(b) of the West Virginia Rules of Evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, a grand jury returned an indictment against petitioner, charging him with one count of delivery of heroin, a Schedule I controlled substance. In March of 2014, petitioner's jury trial commenced in the Circuit Court of Hampshire County. At trial, the State presented evidence that law enforcement officers arranged for a confidential informant ("CI") to make a "controlled buy" of heroin from petitioner in February of 2013. Captain John Eckerson of the Hampshire County Sheriff's Office testified that the CI was provided $150 in premarked currency and equipped with a video and audio recording device to record the controlled buy. Without objection, the entire video of the drug transaction was admitted into evidence and played for the jury, including the conversation between the CI and petitioner occurring after the controlled buy was complete. In addition to corroborating Captain Eckerson's testimony, the CI testified that, once outfitted with $150 and the recording device, she entered petitioner's residence and purchased three capsules of heroin from him for $120. The CI then testified that she used the remainder of the premarked currency, which was $30, to pay a debt she owed to petitioner "from, I don't know, a previous time." Petitioner objected to the CI's testimony citing Rule 404(b) of the West Virginia Rules of Evidence. The circuit court sustained petitioner's objection and informed the jury that it was to disregard the statement. Following the circuit court's ruling, petitioner moved for a mistrial based on the testimony presented. In objecting to

1

petitioner's motion, the State argued that the information was "intrinsic evidence" and that the CI had not stated that the prior debt to petitioner was the result of a drug transaction. The circuit court denied petitioner's motion for a mistrial. The jury ultimately found petitioner guilty as charged in the indictment.

In April of 2014, the circuit court sentenced petitioner to one to fifteen years in prison for his conviction. In May of 2014, the circuit court filed an amended sentencing order.[1] This appeal followed.

We have previously held that "[t]he decision to declare a mistrial, discharge the jury, and order a new trial in a criminal case is a matter within the sound discretion of the trial court." Syl. Pt. 8, *State v. Davis*, 182 W.Va. 482, 388 S.E.2d 508 (1989). "A trial court is empowered to exercise this discretion only when there is a 'manifest necessity' for discharging the jury before it has rendered its verdict." *State v. Williams*, 172 W.Va. 295, 304, 305 S.E.2d 251, 260 (1983). We have also explained that "[t]he determination of whether 'manifest necessity' that will justify ordering a mistrial over a defendant's objection exists is a matter within the discretion of the trial court, to be exercised according to the particular circumstances of each case." Syl. Pt. 3, *Porter v. Ferguson*, 174 W.Va. 253, 324 S.E.2d 397 (1984). "Manifest necessity" warranting a mistrial arises from various circumstances, but must be forceful and appear prejudicial to the accused or the State. Syl. Pts. 1-3, *State ex rel. Brooks v. Worrell*, 156 W.Va. 8, 190 S.E.2d 474 (1972). Significantly, "[t]his power of the trial court must be exercised wisely; absent the existence of manifest necessity, a trial court's discharge of the jury without rendering a verdict has the effect of an acquittal of the accused and gives rise to a plea of double jeopardy." *State v. Williams*, 172 W.Va. 295, 304, 305 S.E.2d 251, 260 (1983) (internal citations omitted). With this standard in mind, we turn to the case sub judice.

On appeal, petitioner assigns error to the circuit court's denial of his motion for a mistrial based on the CI's statement that she owed him a debt. Petitioner argues that the statement implied that petitioner provided drugs to the CI on a prior occasion and, therefore, was subject to the procedures set forth in *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994), which were not followed in this case.[2] However, at trial, the circuit court sustained petitioner's

---

[1]It is unclear from the record on appeal and the parties' briefs why the circuit court amended its sentencing order entered in April of 2014. We also note that petitioner has since been granted parole.

[2]We explained in *McGinnis* that

> [w]here an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin*, 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the

(continued . . .)

objection to the CI's statement. As acknowledged by petitioner in his brief to this Court, the circuit court then "instructed the jury to disregard the statement." Furthermore, the CI did not explain why she owed petitioner a debt before the circuit court sustained that objection. The circumstances presented in this case do not rise to the level of such apparent prejudice that the circuit court was required to find manifest necessity for discharging the jury. Based on the particular circumstances of this case, we find that the circuit court did not abuse its discretion in denying petitioner's motion for a mistrial.

For the foregoing reasons, the circuit court's May 29, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** August 31, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

193 W.Va. at 147, 455 S.E.2d at 516, Syl. Pt. 2.