This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38267**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**DAVID CHAVARRIA,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Van Snow, Assistant Attorney General
Santa Fe, NM

for Appellee

McCleary Law Office
Mary McCleary
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appeals from the district court's denial of his motion to bar retrial on the sole charge of aggravated battery following the district court's declaration of a mistrial. Defendant argues that retrial would subject him to double jeopardy because the mistrial was not justified by manifest necessity and was due to prosecutorial misconduct. Assuming that manifest necessity did not justify the mistrial, we hold that principles of double jeopardy do not preclude retrial because Defendant consented to the mistrial declaration. We also hold that misconduct by the prosecutor, if any, did not rise to a level sufficient to bar retrial. We therefore affirm the district court.

**BACKGROUND**

**{2}** Defendant was accused of shooting the alleged victim, Alan Cofran, during a physical confrontation that took place at a gathering at Defendant's home. During trial, defense counsel cross-examined Mr. Cofran as to whether he had reviewed documents or statements from other witnesses before testifying, implying that Mr. Cofran's testimony could have been tailored to accord with the other witnesses' version of events. On redirect examination, the prosecutor then asked Mr. Cofran whether he "had the opportunity to sit in here and listen to any of the witnesses testify." When Mr. Cofran stated no, the prosecutor said, "So unlike the Defendant you—"

**{3}** At that point, defense counsel objected, and a bench conference took place. Defense counsel argued that the prosecutor's question amounted to a comment on Defendant's right to be present at trial and was therefore an act of prosecutorial misconduct sufficient to call for a mistrial. However, defense counsel stated that, given the late stage of the trial, she was not ready to move for a mistrial at that point, and instead moved for a new trial in the event of conviction and asked the district court to issue a curative instruction.

**{4}** The district court subsequently recessed the jury and conferred with the parties regarding the defense objection. At that point, defense counsel modified her prior motion for a new trial in the event of conviction, stating that, on reflection, she was not concerned that error requiring a mistrial had occurred and asked instead that the district court disqualify the lead prosecutor. The district court disagreed that the prosecutor's conduct required disqualification, instead stating its concern that the question invited the jury to make impermissible inferences. Specifically, the district court stated that if Defendant chose to testify, the jury was invited to infer that he was lying because he had heard the other witnesses testify and could tailor his testimony accordingly. Conversely, if Defendant chose not to testify, the jury was invited to infer that it was because he had listened to the other witnesses' testimony, and the question therefore implied an impermissible comment on his silence. The district court also indicated that it did not believe that a curative instruction would be helpful, stating, "You can't unring the bell."

**{5}** Defense counsel then stated that Defendant would be willing to waive his right to a jury trial and have the case decided by the bench, asserting that Defendant wanted to get the case decided that day and did not want a mistrial. The district court again expressed its concerns with the implications of the prosecutor's question and said that it did not know how to proceed fairly. Defense counsel replied, "I told the court I would trust you as to what my remedy is, and is the court saying there is no remedy short of a mistrial that will be adequate? I think that is a factual finding that the court would make." The district court and the parties then agreed to reconvene on the issue the following morning.

**{6}** The next day, defense counsel began by arguing that an instruction to the jury telling it not to consider Defendant's presence at trial in its deliberations would be a

sufficient remedy. Defense counsel added that "if the court does not find an adequate remedy short of a mistrial, however, I would ask the court to entertain a motion for mistrial at this time." After restating its concerns with the inferences that could be drawn from a comment on Defendant's presence at trial, the district court concluded that an instruction to the jury could not cure the issue and that it had no choice but to declare a mistrial due to manifest necessity.

**{7}** Defendant subsequently filed a motion to bar retrial, arguing that the State acted intentionally, or in the alternative, with reckless disregard, to cause a mistrial. *See State v. Breit*, 1996-NMSC-067, ¶ 2, 122 N.M. 655, 930 P.2d 792 (recognizing that inherent in the bar on retrial is the prosecutor's intent to provoke a mistrial). Following a hearing, the district court denied the motion, ruling that the prosecutor's question was not posed intentionally to cause a mistrial or with recklessness. Defendant appeals from this order.

## DISCUSSION

**{8}** The Double Jeopardy Clauses of both the Federal and State Constitutions guarantee that no person shall be "twice put in jeopardy" for the same offense. U.S. Const. amend. V; N.M. Const. art. II, § 15. When the district court declares a mistrial, double jeopardy precludes retrial unless manifest necessity compelled the mistrial or the defendant either moved for or consented to the mistrial. *See State v. Lynch*, 2003-NMSC-020, ¶ 18, 134 N.M. 139, 74 P.3d 73; *see also State v. Martinez*, 1995-NMSC-064, ¶ 8, 120 N.M. 677, 905 P.2d 715 (stating that when a mistrial is granted over the defendant's objection, retrial is not barred if the court finds manifest necessity); *State v. Huff*, 1998-NMCA-075, ¶ 13, 125 N.M. 254, 960 P.2d 342 (recognizing that as a general rule, reprosecution is constitutionally permissible when a defendant obtains a mistrial upon his or her own motion); *State v. Paul*, ___-NMCA-___, ¶ 7, ___ P.3d ___ (No. A-1-CA-36748, May 28, 2020) ("When a trial court terminates a defendant's trial before the defendant obtains a verdict on a charged offense, the [Double Jeopardy] Clause protects that right by prohibiting the [s]tate from retrying the defendant for that offense unless the defendant consents to the termination or there is a manifest necessity for the termination."), *cert. denied*, 2020-NMCERT-___ (No. S-1-SC-38371, Sept. 28, 2020).

**{9}** "A double jeopardy challenge is a constitutional question of law [reviewed] de novo." *State v. Lewis*, 2019-NMSC-001, ¶ 10, 433 P.3d 276 (internal quotation marks and citation omitted). Although the parties dispute on appeal whether manifest necessity existed to justify the mistrial, we deem it unnecessary to resolve this issue. We will assume without deciding that Defendant is correct that the district court's determination of manifest necessity was error. The pivotal question in our view is whether Defendant nonetheless consented to the mistrial, such that retrial is not barred by double jeopardy principles. *See Paul*, ___-NMCA-___, ¶ 18 (reviewing to determine whether the defendant consented to the mistrial such that the district court's decision to bar retrial was right for any reason despite the lack of manifest necessity for the mistrial).

**{10}** "Long established U.S. Supreme Court precedents hold that a defendant's . . . consent to a mistrial generally forecloses any claim of double jeopardy." *Martinez,* 1995-

NMSC-064, ¶ 8. New Mexico recognizes both express and implied consent in this context. *See Paul*, ___-NMCA-___, ¶ 21 ("Implicit consent to a mistrial also removes any double jeopardy bar to retrial."). Our courts that have considered the issue have found implied consent to a mistrial in the context of a deadlocked jury where the defendant failed to object to the trial court's discharge of the jury. *See, e.g.*, *State v. Woo Dak San*, 1930-NMSC-019, ¶¶ 1-4, 35 N.M. 105, 290 P. 322 (finding implied consent to a mistrial where the record reflected that the deadlocked jury was discharged without objection from the defendant or his counsel); *State v. Brooks*, 1955-NMSC-002, ¶¶ 3, 6, 59 N.M. 130, 279 P.2d 1048 (holding in the alternative that the defendant waived his double jeopardy claim by "fail[ing] to except to the action of the court in discharging the jury"). And more recently in *Paul*, this Court recognized the two approaches taken by courts generally in determining whether a defendant has implicitly consented to a mistrial, with some courts finding implied consent where the defendant fails to object to a mistrial when given an opportunity to do so, and others requiring something more in the form of a positive manifestation of acquiescence. ___-NMCA-___, ¶ 21.

**{11}** In its written order denying the motion to bar reprosecution, the district court found that Defendant had "initially objected to the mistrial," but then had "eventually agreed to [a] mistrial as an alternative remedy[.]" Defendant argues, however, that he was in no position to negotiate with the district court when it decided to declare the mistrial when the district court declined to consider its suggested alternative remedies.[1] The State counters that Defendant's request that the district court "entertain a motion for mistrial" was express consent, and alternatively, that the record establishes Defendant's implied consent.

**{12}** We believe the record affirmatively demonstrates Defendant's express consent and, under either of the standards articulated in *Paul,* Defendant's implied consent to the mistrial. Defendant had opportunities to object, as the district court made it clear that it was contemplating a mistrial and the parties were able to make their positions known during the discussions that followed the initial defense objection. *Cf. State v. Sedillo*, 1975-NMCA-089, ¶ 4, 88 N.M. 240, 539 P.2d 630 (declining to find that the defendant consented where mistrial was declared sua sponte under circumstances limiting defense counsel's ability to object). As the district court found and the record reflects, Defendant initially stated that he did not want a mistrial and that a curative instruction would be sufficient. However, Defendant's position regarding a mistrial shifted during the ensuing discussions the following morning; indeed, Defendant ultimately indicated that he would leave the choice of remedy in the hands of the district court and asked that district court consider a motion for mistrial should it believe that a curative instruction would not suffice. *Cf. State v. Gutierrez*, 2014-NMSC-031, ¶ 31, 333 P.3d

---

[1]Defendant also appears to argue that the issue of consent is irrelevant and that the sole issue is whether manifest necessity existed for the mistrial. Defendant relies on *Callaway v. State*, 1990-NMSC-010, ¶ 3, 109 N.M. 416, 785 P.2d 1035, in which our Supreme Court determined that the fact that the defendant had moved for a mistrial three times on grounds that were denied by the trial court did not prevent him from arguing the lack of manifest necessity when the trial court ordered a mistrial over his objection on separate grounds. *Callaway* is not applicable to the instant case, however, as in this case, Defendant consented to the mistrial on the same grounds on which the district court based its order.

247 (noting that the defendant "never consented to a mistrial, vigorously opposing it at every opportunity"). This declaration was an affirmative manifestation of acquiescence in the district court's decision on whether to order a mistrial and sufficient to demonstrate Defendant's express or implicit consent to a mistrial. *See Paul*, ___-NMCA-___, ¶ 23 (finding implied consent to the mistrial where the defendant had ample opportunity to object to the district court's intent to discharge the jury without determining if it had acquitted on an offense, the defendant affirmatively stated that the district court's proposed action was appropriate, and the defendant indicated agreement with the jury's discharge by asking whether he needed to move for a mistrial).

**{13}** We therefore must next consider whether the prosecutor's question to Mr. Cofran constituted prosecutorial misconduct, such that Defendant should not be subjected to retrial for the same charge, despite Defendant's consent to the mistrial. *See Huff*, 1998-NMCA-075, ¶ 13 (recognizing that, while reprosecution following mistrial is generally permissible when a defendant moves for a mistrial, retrial may be barred when the mistrial is necessitated by prosecutorial misconduct). "An appellate review of a prosecutorial misconduct claim presents a mixed question of law and fact." *State v. McClaugherty*, 2008-NMSC-044, ¶ 39, 144 N.M. 483, 188 P.3d 1234. Therefore, "[t]he appellate court will defer to the district court when it has made findings of fact that are supported by substantial evidence and reviews de novo the district court's application of the law to the facts." *Id.*

**{14}** "The dismissal of criminal charges for prosecutorial misconduct is an extreme sanction that should be reserved for the most severe prosecutorial transgressions." *State v. Gonzales*, 2002-NMCA-071, ¶ 14, 132 N.M. 420, 49 P.3d 681. Our Supreme Court outlined a three-part test for determining whether retrial is barred following the grant of a defendant's motion for mistrial due to prosecutorial misconduct. Under *Breit*, retrial is barred when (1) improper official conduct is so unfairly prejudicial to the defendant that it cannot be cured by means short of a mistrial or a motion for a new trial; (2) the official knows that the conduct is improper and prejudicial; and (3) the official either intends to provoke a mistrial or acts in willful disregard of the resulting mistrial, retrial, or reversal. 1996-NMSC-067, ¶ 32.

**{15}** For purposes of this analysis, we confine our discussion to the third *Breit* factor, which is here dispositive. *See State v. Haynes*, 2000-NMCA-060, ¶ 6, 129 N.M. 304, 6 P.3d 1026 (assuming without decision the presence of the first two *Breit* factors because the absence of the third factor was determinative). With respect to this factor, Defendant argued in his motion to bar reprosecution and at the hearing on the motion that the prosecutor acted to intentionally or at least acted recklessly in provoking a mistrial. Specifically, Defendant argued that the question was leading, compound, lacked foundation, and constituted a comment on two protected rights. However, although Defendant asserted that "[e]very attorney in the room knew that the question was improper[,]" Defendant cites to no authority to suggest that the prosecutor's question improperly impacted any constitutional right or constituted misconduct. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not

consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists[.]").

**{16}** Additionally, the district court found, and Defendant did not dispute, that the prosecutor's question was an isolated incident, and Defendant does not argue that the trial was otherwise unfair. Therefore, this case does not reflect a level of "pervasive, incessant, and outrageous" misconduct that would demonstrate that the prosecutor acted in willful disregard of Defendant's right to a fair trial. *See Breit*, 1996-NMSC-067, ¶ 37; *cf. Huff*, 1998-NMCA-075, ¶ 23 (concluding that the prosecutor's conduct amounted to willful disregard of a resulting mistrial where the prosecutor persisted in improper questioning despite repeated sustained objections and warnings from the district court); *see also McClaugherty*, 2008-NMSC-044, ¶ 25 (observing that the bar of double jeopardy is an exceedingly uncommon remedy that "applies only in cases of the most severe prosecutorial transgressions" (internal quotation marks and citation omitted)); *Breit*, 1996-NMSC-067, ¶ 33 (recognizing that "[t]he idea that the misconduct must be so prejudicial as to cause a mistrial or new trial suggests that double jeopardy will rarely bar reprosecution if the misconduct is an isolated instance during the course of an otherwise fair trial").

**{17}** As the record is therefore insufficient to establish the existence of the third *Breit* factor, we reject Defendant's double jeopardy claim. *See State v. Hernandez*, 2017-NMCA-020, ¶ 29, 388 P.3d 1016 (indicating that, absent a sufficient record to establish the third *Breit* factor, double jeopardy will not bar retrial); *State v. Lucero*, 1999-NMCA-102, ¶ 23, 127 N.M. 672, 986 P.2d 468 (acknowledging that a conclusion that one of the *Breit* prongs is not satisfied disposes of a defendant's double jeopardy argument).

**CONCLUSION**

**{18}** For these reasons, we conclude that retrial is not barred by double jeopardy, and we remand this matter to the district court for further proceedings.

**{19} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**